## ADAMS v. STATE.

### Opinion delivered February 17, 1906.

INCEST—EVIDENCE—PRIOR INCESTUOUS ACTS.—In a trial for incest it is competent for the State to prove acts of incest between the parties prior to the specific act charged, though an indictment therefor would be barred by the statute of limitation, as such evidence tends to show the probability of the commission of the offense charged.

Appeal from Ouachita Circuit Court; *Charles W. Smith*, Judge; affirmed.

*H. P. Smead*, for appellant.

*Robert L. Rogers, Attorney General*, for appellee.

Prior acts of incest between the same parties may be proved. Underhill, Crim. Ev. 475. There was positive evidence of the commission of the crime within three years. Evidence of other incestuous acts between the same parties did not prejudice the

defendant, and was admissible as tending to show the opportunities and inclinations of the parties.

BATTLE, J.   At the October, 1904, term of the Ouachita Circuit Court the grand jury returned into court an indictment against F. P. Adams, charging him with incest committed by having illicit intercourse with his niece, she being an unmarried woman and he a married man; and at the October, 1905, term of that court he was tried upon a plea of not guilty, found guilty as charged in the indictment, and his punishment was assessed at three years imprisonment in the penitentiary.   He appealed to this court.

In the trial of appellant for the offense charged against him, evidence was adduced by the State, over the objections of the appellant, to prove illicit relations between him and the niece mentioned in the indictment, which occurred more than three years before the finding of the indictment.   The evidence tended to prove that these illicit relations, constituting incest, commenced six or seven years before the finding of the indictment, and continued to the time when the act for which he was indicted was committed.   This evidence, although it discloses other acts of incest with the same niece, the indictment for which is barred by the statute of limitations, is admissible for the purpose of showing the probability of the commission of the offense charged, and sustains the evidence of such offense.   *Commonwealth* v. *Bell,* 166 Pa. St. 405.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.