## DAVIS v. STATE.

### Opinion delivered October 6, 1913.

1. VAGRANCY—GAMING—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 2068, held to apply to all persons who "go about from place to place for the purpose of gaming," whether for the purpose of participating in banking games or in other kinds of gambling. (Page 342.)

2. VAGRANCY—GAMING—SUFFICIENCY OF EVIDENCE.—Evidence held sufficient to show defendant guilty of vagrancy under Kirby's Digest, § 2068. (Page 342.)

3. VAGRANCY—GAMING—EVIDENCE OF ACTS IN OTHER COUNTIES.—Where defendant is charged with vagrancy, under Kirby's Digest, § 2068, evidence of games participated in by him in other counties is competent to show the purpose of defendant's wandering about, whether to pursue a lawful vocation or to habitually engage in the pursuit of gaming. (Page 343.)

Appeal from Polk Circuit Court; *J. T. Cowling,* Judge; affirmed.

*Pole McPhetrige,* for appellant.

1. The indictment is not sufficient. Section 2068, Kirby's Digest, contemplates and refers to banking games only. 88 Ark. 411. The conjunction "or" would not constitute the clause, "who travel about from place to place," etc., a sufficient nor independent offense. 8 Q. B. Div. 447; 10 Ia. 448; *Id.* 593; 46 Ia. 670; 138 N. Y. 151; 2 Lewis' Sutherland, Stat. Con., § 397.

There is but slight difference between section 1732, construed in *Tully* v. *State,* 88 Ark. 411, and section 2068, under which this indictment was presented. The two acts are *in pari materia,* and should be construed to-

gether. Lewis' Sutherland, Stat. Con. 845, 846, and cases cited; 60 Ark. 128.

2. It was error to admit testimony to show gambling games played in another county. 30 Ark. 41.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was tried, and convicted, for the offense of vagrancy as defined by the following statute:

. "All keepers or exhibitors of any gaming table, bank or other gambling device, and all persons who travel or remain in steamboats, or go about from place to place for the purpose of gaming, shall be deemed and treated as vagrants." Section 2068, Kirby's Digest.

The particular feature of the statute upon which the charge against appellant was predicated is the latter clause of the section which defines persons to be vagrants who "go about from place to place for the purpose of gaming."

The chief contention of counsel for appellant is that this language refers to banking games, and not to gaming of any other kind. The case of *Tully* v. *State,* 88 Ark. 411, is relied on, where we held that the gambling device mentioned in another section of the same statute referred to banking games.

The first clause of the section doubtless should be interpreted as referring to banking games which constitute gambling devices, but the last clause of the section is disconnected from the preceding clauses, and is broad enough to include all persons who "go about from place to place for the purpose of gaming," whether the purpose is to participate in banking games or in other kinds of gambling. Our conclusion is that this is the proper construction of the statute.

It is next contended that the testimony is not sufficient to sustain the conviction. But, after careful consideration, we are of the opinion that the evidence warranted the jury in finding that the defendant had no other means of support, and that he went about from place to

place in Polk County and other adjoining counties in that part of the State for the purpose of gambling.

One of the witnesses introduced by the State was permitted, over appellant's objection, to testify as to the amount of money he lost in one of the games in which he participated with appellant.

This was immaterial, but we are unable to see that any prejudice resulted to appellant in admitting the testimony.

The court also permitted the State to prove games participated in by appellant in other counties, and this was done over appellant's objection.

We think such testimony was competent, not for the purpose of proving the commission of the same offense in another county, but to show the purpose of his wanderings, whether to pursue a lawful avocation, or to habitually engage in the pursuit of gambling.

Judgment affirmed.