CANNON v. STATE.

Opinion delivered September 28, 1914.

1. VAGRANCY—EVIDENCE OF GAMBLING IN OTHER COUNTIES.—In a prosecution for vagrancy, testimony of witnesses to the effect that the defendant told them that he had been gambling in other counties, within twelve months of the finding of the indictment, is competent.

2. VAGRANCY—EVIDENCE—PREVIOUS ACTS.—Evidence of acts of gaming, before one year prior to the finding of the indictment against defendant, is admissible, being part of a series of acts indicating continuousness on the part of defendant, in going from place to place for the purpose of gaming.

Appeal from Polk Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Elmer J. Lundy,* for appellant.

The court erred in admitting the testimony introduced by the State as to appellant's acts of gaming in order to prove vagrancy. All the essential acts of vagrancy

alleged must be clearly shown. 119 Ga. 427; 46 S. E. 628; 110 Ga. 915; 36 S. E. 293; 108 Mass. 17; 60 S. W. 880; 145 Ala. 682; 40 So. 88; 52 Ga. 574.

The court erred in allowing the admission of evidence as to whether or not the defendant had been at work, as it was no part of the offense charged in the indictment.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

There was substantial evidence from which the jury found that appellant did go about from place to place for the purpose of gaming, and was thus a vagrant. 109 Ark. 130-134; 109 Ark. 138-150.

HART, J. The defendant, Wiley Cannon, was tried and convicted in the Polk Circuit Court of the crime of vagrancy, charged to have been committed by going about from place to place for the purpose of gaming. From the judgment of conviction, he has duly prosecuted an appeal to this court. The testimony is substantially as follows:

Witnesses for the State all testify that the defendant has resided in Mena, Polk County, for ten years or more, and had not, to their knowledge, done any work for the past five or six years. Some of them stated that he was a constant associate of a professional gambler named Davis.

One of the witnesses stated that he resided at De Queen, in Sevier County, and that about six months prior to the trial he had a conversation there with the defendant, in which the defendant told him that he was at De Queen looking for a "live one." The witness stated that he was familiar with gambling terms, and that the phrase "live one" is a term among gamblers to indicate some one with money who wants to engage in gambling at cards.

Another witness stated that the defendant told him that he had gone to Waldron, in Scott County, to engage in a game of cards, and that he went there for the purpose of "making a cleaning." Another testified that the

defendant told him that he had gone to Waldron, and had "got the worst of it" over there.

It was also shown that the defendant admitted that he had gone to Texas and had engaged while there in a game of craps, that he was frequently absent from Mena, and had been convicted in the circuit court of Polk County within the last twelve months of gaming.

Other testimony showed that he had been convicted of gaming prior to twelve months before the return of the indictment in this case. Other witnesses testified that they had seen the defendant gambling. Some of these games were within twelve months before the finding of the indictment in this case; others were prior thereto. No testimony was introduced in behalf of the defendant.

It is earnestly insisted by counsel for the defendant that the testimony is not sufficient to warrant his conviction.

In the case of *Davis* v. *State,* 109 Ark. 341, Davis was indicted and convicted in the Polk Circuit Court under the same statute under which the defendant in the instant case was indicted. The court held that section 2068, of Kirby's Digest, applies to all persons who "go about from place to place, for the purpose of gaming," whether for the purpose of participating in banking games, or in other kinds of gambling.

The court further held that where a defendant is charged with vagrancy under this section of the statute, evidence of games participated in by him in other counties is competent to show the purpose of his wandering about, whether to pursue a lawful vocation, or to habitually engage in the pursuit of gambling.

(1) Therefore, the testimony of witnesses to the effect that the defendant told them that he had been gambling in other counties within twelve months before the finding of the indictment was competent.

It was also shown by the State that the defendant had been engaged in gaming prior to twelve months before the finding of the indictment, and counsel for the defendant insists that this testimony was incompetent. The testi-

mony introduced by the State shows that the defendant had been engaged in gambling within twelve months prior to the return of the indictment against him, and also that he had been engaged in gambling prior to and up to twelve months before the finding of the indictment.

In the case of *Adams* v. *State,* 78 Ark. 16, the defendant was charged with the crime of incest. Evidence was adduced by the State to prove the illicit relations between the defendant and his niece, mentioned in the indictment, which occurred more than three years before the finding of the indictment. The court said:

"The evidence tended to prove that these illicit relations, constituting incest, commenced six or seven years before the finding of the indictment, and continued to the time when the act for which he was indicted was committed. This evidence, although it discloses other acts of incest with the same niece, the indictment for which is barred by the statute of limitations, is admissible for the purpose of showing the probability of the commission of the offense charged, and sustains the evidence of such offense. *Commonwealth* v. *Bell,* 166 Pa. St. 405.''

(2)   So, here, the testimony shows that the defendant had commenced gambling probably two years before the finding of the indictment and had so continued up to the time he was indicted, and although the acts of gaming prior to twelve months before the finding of the indictment were so remote in point of time that the statute of limitations would protect the defendant, if he were indicted for those acts, still proof of such act of gaming is admissible because it is one of a series of acts indicating continuousness on the part of the defendant in going from place to place for the purpose of gaming.

Therefore, we hold that the testimony was competent and are of the opinion that the evidence was sufficient to warrant the verdict.

The judgment will be affirmed.