CARMEN v. STATE.

Opinion delivered September 27, 1915.

1. INCEST—INDICTMENT—SUFFICIENCY.—An indictment is sufficient to charge the crime of incest which alleges that the adultery was committed by defendant, a married man, with one O. B., his niece.

2. CRIMINAL LAW—INCEST—FORMER JEOPARDY—SUFFICIENCY OF INDICTMENT.—An indictment charging incest is not sufficient to sustain a judgment of conviction, where it fails to allege that defendant was a married man at the time he committed the adultery with

his niece, which constituted the crime of incest, and where defendant has been tried under such an indictment, nothing short of an actual acquittal or conviction will confer immunity from further prosecution for the same offense.

3.  TRIAL—DISCHARGE OF JURY—FAILURE TO REACH VERDICT.—In a criminal prosecution, the court may discharge the jury, when the jury fails to agree upon a verdict, and it satisfactorily appears to the trial judge that there is no probability of a verdict being reached.

4.  CONTINUANCES—DISCRETION OF COURT.—The trial court has a discretion in the matter of granting continuances and its action will not be reversed unless there appears to be a manifest abuse of its discretion.

5.  INCEST—EVIDENCE—ACTS OF DEFENDANT.—In a prosecution for incest, evidence of the conduct of deceased with his niece, with whom the crime was alleged to have been committed, *held* admissible as tending to shed light upon the relations of the parties at a time within the statutory period.

6.  INCEST—EVIDENCE—ACTS OF DEFENDANT.—In a prosecution for the crime of incest, evidence that deceased executed a bond for the support of the child alleged to be his, in a bastardy proceeding, *held* admissible, when the court charged the jury that the same would not constitute an admission of defendant's fatherhood, if, at the time he executed the bond, he did not understand what he was signing.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney,* Judge; affirmed.

### STATEMENT BY THE COURT.

J. F. Carmen was indicted, charged with the crime of incest committed by having carnal knowledge of his niece, Ona Burns, the indictment not alleging that he was a married man. A demurrer was interposed to the indictment and overruled, and he was placed upon trial and the jury, having failed to agree, were discharged by the court after they had reported the second time their failure to arrive at a verdict.

On the 8th of May before the cause was again reached for trial the grand jury in session returned another indictment against the defendant, charging him with incest committed with his niece, Ona Burns, and also that he was a married man. After its return, the court upon its own motion sustained the demurrer to the first indictment which it had previously overruled.

Upon the case being called for trial the defendant moved
for a continuance because of the serious illness of his
wife, which was denied. A demurrer to the second in-
dictment was overruled and the defendant interposed a
plea of former jeopardy, alleging that he had been put
in jeopardy of his liberty for this offense by the former
trial. The testimony was introduced on this issue, show-
ing the mistrial on the first indictment and the court di-
rected the verdict for the State upon this plea. The tes-
timony shows that Ona Burns, the niece of the defend-
ant (who ''was not bright,'' as one of the witnesses said)
lived at defendant's house with him and his wife, who
was in poor health and about seventy years of age. Sev-
eral witnesses testified to an apparent undue intimacy
between the defendant and his niece, Ona Burns, a half-
witted girl about twenty-one years of age, and one stated
positively that he had seen defendant in the act of hav-
ing sexual intercourse with said niece in the corn crib
at the barn. She was delivered of a child about the
usual time after these acts of sexual intercourse were
alleged to have occurred; and the county judge, upon
a complaint made in a bastardy proceeding, sent for the
defendant and told him of the complaint and he said he
was not the father of the child but that he was willing to
give bond required for its support. The judge informed
him that it was necessary for him to admit that he was the
father of the child or submit to a trial of that question
and he said that it would be all right, that he would make
the bond, which he did do and returned and filed it with
the judge. He admitted having made the bond, did not
deny that the judge explained the circumstances and his
rights in the matter fully, as he claimed to have done,
but said he only understood that he was giving the bond
to support the child in order that his niece and it should
not be taken from his house to the poor farm. The bond
in regular form was introduced in evidence over defend-
ant's objection and upon the back of it was endorsed the
following:

"On this day comes before me J. F. Carmen accused
of bastardy, and the charge being stated, he enters a plea

of guilty, and offers as sureties on his bond for the main-
tenance of said child J. W. Wickham and S. H. Smart,
and said bond so tendered being conditioned as provided
by law, and the said Ona Burns waiving her claim to a
judgment against the said J. F. Carmen, said bond is
by the court ordered filed and approved, and a judgment
thereon entered.

This..............................................day of April, 1914.

B. B. Holifield, Judge.''

The defendant denied ever having intercourse with
the girl, but admitted that he had asked her to have in-
tercourse with him, as two witnesses testified he had
told them, but said that he had done so as he told said
witnesses only for the purpose of teaching the girl a les-
son, and that he had so explained it satisfactorily to his
wife upon the girl having told her of his conduct. There
was other testimony tending to show that some other
persons could have been the father of the child and the
girl herself stated definitely that one of them ''had had
a chance to be.'' The defendant's prior good reputation
was established and there was testimony tending to some
extent to discredit the statement of the witness who had
seen the parties in the sexual embrace, certain witnesses
stating that he could not have seen them leaving the barn
where the act was said to have occurred after he had rid-
den away from the gate to where he said he was at the
time they left the barn.

*R. H. Dudley,* for appellant.

1. The demurrer should have been sustained. The
indictment did not particularly describe the specific act
relied upon as constituting the crime of incest. 22 Cyc.
50; 58 Ark. 3; 22 S. W. 840.

2. The plea of former jeopardy should have been
sustained. Art. 2, sec. 8, Const.; 3 Bl. Comm. 361; 12
Cyc. 269, 270; 43 Ark. 271; 48 Ark. 36; 26 Ark. 260;
Cooley's Const. Lim. 327; 26 Ark. 260; 43 Ark. 271.

3. Because of the serious illness of appellant's wife,
her critical condition as shown in evidence and the neces-
sity for appellant's presence with, and attendance upon

her, at the time of his trial, the motion for continuance ought to have been granted, and its refusal was an abuse of discretion.

4. The testimony of alleged acts of familiarity occurring more than three years before the finding of the indictment, was not admissible, and the court erred in not excluding it.

5. A judgment in a civil case can not be introduced as evidence in a criminal prosecution. The court therefore erred in admitting in evidence the bond, warrant and judgment of the county court in the bastardy proceeding. Art. 7, sec. 28, Const.; Kirby's Dig., § § 481, 1375, 6228; 38 Ark. 150; 53 Ark. 476; 45 Ark. 56; 55 Ark. 387; 90 Ark. 514; 101 Ark. 29; 1 Black on Judgments, 2, § 1; 2 *Id.*, § 529; 68 Ark. 180; 1 Greenleaf on Ev., § 537; 3 Jones, Ev., § 589; 77 Ala. 202; 51 Tex. Crim. Rep. 289; 99 Ark. 32; 91 Ark. 555.

It was error to instruct the jury that they might consider the evidence touching bastardy proceedings for any purpose whatever. 39 Ark. 278; 73 Ark. 262.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The indictment is sufficient. It charges that appellant "then and there being an adult married man, then and there unlawfully, wilfully, feloniously and *adulterously,* did have carnal knowledge," etc. 95 Ark. 233, 235.

2. The plea of former jeopardy was properly overruled. Kirby's Dig., § 2293; 10 Ark. 608, 618; 42 Ark. 35, 39; 48 Ark. 36, 40.

3. It is clear from the evidence that there was no abuse of discretion in overruling the motion for continuance. It was properly overruled.

4. Evidence as to prior acts of intercourse was admissible. 75 Pac. 166; 22 Cyc. 53, note 93. Even prior acts occurring beyond the period of limitation may be shown, where the jury is instructed that such acts are admitted only for the purpose of throwing light upon the relations existing between the parties at the time al-

leged in the indictment within the period.    35 S. E. (Ga.) 161, 163; 31 Atl. 123.

KIRBY, J.    The allegations of the indictment under which the defendant was convicted sufficiently alleged the offense and no error was committed in overruling the demurrer thereto.    *Martin* v. *State,* 58 Ark. 3.

(1)    It stated in technical language that the adultery was committed by defendant, a married man, with Ona Burns, his niece, and, as said in *Gaston* v. *State,* 95 Ark. 233, "The gravamen of the crime of incest is the unlawful carnal knowledge, and it is unlawful because of consanguinity.    The object of the statute is to prohibit by punishment the sexual intercourse of those who are related within the prescribed degrees."

(2)    Neither did the court err in denying defendant's plea of former jeopardy.    The indictment under which he was first tried was not sufficient to sustain a judgment of conviction, not having alleged that the defendant was a married man at the time it was alleged he committed the adultery with his niece, which constituted the crime of incest.    *Martin* v. *State, supra.*    And nothing short of an actual acquittal or conviction under such an indictment will confer immunity from further prosecution for the same offense upon the accused. *State* v. *Ward,* 48 Ark. 36.

(3)    Moreover, there was no verdict or judgment upon the trial but a mistrial, the court having discharged the jury, as it had the right to do, after they failed to agree upon a verdict and it satisfactorily appeared to him that there was no probability of one being reached. Sections 2396, 2397, Kirby's Digest.

(4)    Neither was error committed in denying the motion for a continuance.    The court has large discretion in the granting or refusing of motions for continuance and, unless there appears to have been a manifest abuse of its discretion in the denial of such motion, its action will not be reversed, and there is no such condition shown here as would indicate any such abuse of discretion.

(5)    The proof of conduct of defendant with his niece and acts of intercourse occurring at a time when

the offense thereby committed would be barred by the statute of limitations was competent and admissible as tending to shed light upon the relations existing between the parties at a time within the statutory period, and shows the probability of the commission of the offense charged, and the court by proper instructions limited the jury's consideration of it to this purpose. *Adams* v. *State,* 78 Ark. 16, 92 S. W. 1123; *Taylor* v. *State,* 35 S. E. (Ga.) 161; *Commonwealth* v. *Bell,* 31 Atl. 123.

(6) It is strenuously urged that the court erred in permitting the bond given by the defendant in the bastardy proceedings or any of the entries or judgments relating thereto to be introduced in evidence. This question has given us serious concern, but there was no adjudication by the county court in the bastardy proceedings that defendant was the father of the child of his niece with whom he is alleged to have committed incest, after a trial of the question, but it was shown that he voluntarily admitted that such was the fact upon being told by the county judge that a charge of the kind had been lodged against him and agreed to and did make the bond required by the statute in such cases without any warrant having been issued or any trial thereof. The court, by appropriate instructions, limited the consideration of this matter by the jury to a voluntary admission on the part of the defendant, and instructed them that if they should find he did not understand the purpose or effect of the bond, or didn't understand enough about the transaction to know that he was charged with being the father of the child, that they should not consider it as an admission even, and we do not think any error was committed in this respect.

The case is unlike that of *Ireland* v. *State,* 99 Ark. 32, in which there was a judgment against the county treasurer by the county court, determining finally the amount he had failed to account for and pay over as treasurer, which also recited he was short in his accounts with the county in said sum. That judgment being final could not be disputed or explained and it was held error to permit its introduction upon the trial of the criminal charge

against the treasurer for embezzlement of the county's fund.

The evidence is amply sufficient to support the verdict, and no prejudicial error having occurred in the trial the judgment is affirmed.