HALLER *v.* STATE.

4-4638                                    232 S. W. 2d 829

Opinion delivered October 2, 1950.

*Lee Ward,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. John Haller prosecutes this appeal to reverse a judgment of conviction against him for the crime of incest. There is no bill of exceptions. The first ground relied upon for reversal is that the court erred in overruling a demurrer to the information.

The information reads: "I, H. G. Partlow, PROSE-CUTING ATTORNEY WITHIN AND FOR THE SECOND JUDICIAL CIRCUIT OF THE STATE OF ARKANSAS, of which Greene County is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, John Haller of the crime of incest committed as follows, to-wit: The said defendant on

numerous and divers occasions between August 24, 1946, and August 24, 1949, in Greene County, Arkansas, did unlawfully, feloniously and incestuously commit fornication with one Retha Haller, by then and there feloniously and incestuously having carnal knowledge of her, the said Retha Haller, the said John Haller and she, the said Retha Haller, then and there being father and daughter, and the said John Haller and Retha Haller both being unmarried persons; against the peace and dignity of the State of Arkansas."

It is earnestly insisted that the information is fatally defective because of the failure to allege a specific date upon which the crime was committed and that it amounted to a charge of many separate and distinct offenses in violation of Ark. Stats., § 43-1009. This section provides that an indictment must charge but one offense except in cases mentioned in § 43-1010.

The common law rule is that an indictment or information must charge the offense as having been committed on a day certain. Under the statutes of many states, including our own, the precise time of the offense is immaterial and need not be stated except where time is an ingredient of the offense. Ark. Stats., § 43-1015, provides: "The statement, in the indictment, as to the time at which the offense was committed, is not material, further than as a statement that it was committed before the time of finding the indictment, except where the time is a material ingredient in the offense." This court has held that an error in an indictment in setting forth a future or impossible date as the time of the commission of the offense is not fatal. *Conrand* v. *State*, 65 Ark. 559, 47 S. W. 628; *Taylor* v. *State*, 169 Ark. 589, 276 S. W. 577. We have also held that the indictment is not demurrable where it fails to state the date of the alleged offense and contains an allegation that it was committed on a blank date. *Grayson* v. *State*, 92 Ark. 413, 123 S. W. 388, 19 Ann. Cas. 929; *Threadgill* v. *State*, 99 Ark. 126, 137 S. W. 814; *Oakes* v. *State*, 135 Ark. 221, 205 S. W. 305; *Cook* v. *State*, 155 Ark. 106, 244 S. W. 735.

In *Venable* v. *State*, 177 Ark. 91, 5 S. W. 2d 716, we held that time was not a material ingredient of the of-

fense of carnal abuse except to show that, at the time of the commission of the offense, the prosecutrix was under 16 years of age. The age of a prosecutrix is not involved in the case at bar and time is not a material ingredient of the offense.

Incest is a statutory offense which has been defined generally by the authorities as consisting of sexual intercourse, either habitual or in a single instance, and either under a form of marriage or without it, between persons too closely related to intermarry. Bishop's Statutory Crimes, § 727; 27 Am. Jur., Incest, § 1; 42 C. J. S., Incest, § 1; Underhill's Criminal Evidence (4th Ed.), § 650. The rule that one offense only can be charged in one count of an indictment or information does not preclude the charge in the same count of several acts relating to the same transaction and together constituting only one connected charge or offense. 27 Am. Jur., Indictments and Informations, § 124. While it is true that each act of sexual intercourse may be made a separate offense, the effect of the information in the instant case is to charge appellant with but one offense of incest committed by a series of acts amounting to habitual sexual intercourse with his daughter over the three-year period stated in the information. We conclude that the trial court did not err in overruling the demurrer to the information.

It is next contended that the court erred in denying defendant's motion for a bill of particulars. This motion sought to require the state to specify the dates, places and the names and addresses of all persons present when appellant was accused of committing the crime. The information alleges that the crime was committed within the jurisdiction of the court and was, therefore, sufficient as to place.

The question whether the state should have been required to specify a certain day upon which the crime is alleged to have been committed presents a more serious matter. It would have been the better practice for the court to have required the state to specify, or approximate, a particular date. As previously indicated,

the information in effect charged incest by habitual intercourse over the three-year period.

Appellant argues: ''It might very well be true that an accused was hundreds of miles from the scene of a crime when it was supposedly committed. If the accused has no idea as to when the alleged crime was committed, how on earth could he be prepared to show his own whereabouts? It is not reasonable to suppose that a defendant can be prepared at the drop of a hat to prove where he was on just any given day of a period of three years.'' If appellant suffered such prejudice in the instant case, it could have been readily shown by a bill of exceptions. The evidence is not before us and the record furnished discloses no motion for continuance or plea of surprise on account of the proof offered by the state.

Ark. Stats., § 43-1012, provides: ''No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.'' § 43-804 provides that the bill of particulars shall state the act relied upon by the state in sufficient detail as formerly required by an indictment. In *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527, a denial for a request for a bill of particulars was upheld and the court said: ''It will be seen from the information filed, above quoted, that it set out in detail 'the act or acts' upon which the state relied for a conviction, and contained all the requirements of the former statute to make a good indictment had it been returned by a grand jury. So, appellant had a bill of particulars in the information on which he was tried, and it would have been a useless thing to require another. The court, therefore, properly denied this request.'' See, also, *Bryant* v. *State,* 208 Ark. 192, 185 S. W. 2d 280.

The information in the case at bar charges the crime of incest in the language of the statute and in sufficient detail as required by an indictment prior to the enactment of Ark. Stats., § 43-1006. The face of the record

fails to disclosé any defect which tends "to the prejudice of the substantial rights of the defendant on the merits."

Affirmed.

DUNAWAY, J. I respectfully dissent. The information upon which the defendant was tried, as set out in full in the majority opinion, charges him with the crime of incest committed upon his daughter by having carnal knowledge of her "on numerous and divers occasions between August 24, 1946, and August 24, 1949 . . ."

The defendant filed a motion for a bill of particulars, asking that the dates upon which he was accused of committing incest be set forth, and that the particular occasion for which he was being prosecuted be specified.

I believe that under our statute the defendant was entitled to a bill of particulars and that the trial court committed error in overruling his motion. In Ark. Stats. (1947), § 43-1006, it is plainly provided: "The State, upon request of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for conviction."

This court has apparently never before decided that the crime of incest may be charged on the basis of a general allegation of habitual intercourse. In the reported cases the indictment or information has been based upon a single act, and proof of other acts of incest has been held admissible for the purpose of showing the probability of the commission of the offense charged. See *Adams* v. *State*, 78 Ark. 16, 92 S. W. 1123; *Carmen* v. *State*, 120 Ark. 172, 179 S. W. 183.

However, even assuming that an indictment or information may validly charge an offense in such terms, this is no answer to the question whether the defendant is entitled to a bill of particulars. The statute above-quoted says the State *shall*, upon request, furnish the defendant with a bill of particulars "setting out the act or acts upon which it relies for conviction." The information in the instant case charges the defendant with incestuous intercourse "on numerous and divers occasions" over a three-

year period. Can this be said to set out the act or acts upon which the State relies for conviction?

The *Brockelhurst* case, cited *supra* in the opinion of the majority, is no authority for upholding the action of the trial court. The language quoted from that opinion undoubtedly is a sound statement of the law as applied to the information there challenged on the facts in that particular case. There the information charged the defendant with first degree murder, and set out the time, place and victim of the homicide. The court very properly said that such an information complied with the statute.

Here, however, the defendant is not charged with any given act at some given time, but is charged with having incestuous relations on "various and divers occasions." Although time is not an essential ingredient of this crime, so long as it is proved that the offense was committed within the period of limitation, the defendant was entitled to be more definitely informed of the acts for which he was to be tried, and their approximate dates. Suppose, for example, that he was not in the jurisdiction for various intervals of time during the three years period; and that the witnesses to establish this were in Oshkosh, Kalamazoo, and San Francisco? Must he have available witnesses to establish his whereabouts and help him account for his activities on every one of 1,095 days?

The defendant's right to a bill of particulars is to be determined as of the time the trial court passes on this question. True, we do not have the bill of exceptions before us, and cannot say whether he was in fact prejudiced by the court's refusal to grant his motion. I do not believe, however, that the burden is on him to show actual prejudice when he was denied the very thing the statute says he should have, and for which he made timely application.

Even under our liberalized criminal procedure, the statutes do not, in my opinion, authorize the State to put a man on trial for his liberty upon such a broadside information as is before us.

The judgment should be reversed and the cause remanded for a new trial.

Justice GEORGE ROSE SMITH joins in this dissent.