RAGSDALE *v.* STATE.

4753                                                262 S. W. 2d 91

Opinion delivered October 19, 1953.

Rehearing denied December 7, 1953.

*Reece Caudle,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

ROBINSON, J. Appellant Robert Ragsdale was convicted on the charge of involuntary manslaughter. The information charges that Ragsdale "did wilfully, unlawfully, and feloniously drive and operate a motor vehicle without due caution and circumspection and in the wanton disregard of the safety of others and then and there did drive the said automobile or vehicle upon and against the

person of Pearl Teem Thompson and her, the said Pearl Teem Thompson, did injure and kill.''

On appeal there are two issues—the sufficiency of the evidence to sustain the verdict, and the trial court's action in overruling a motion that the prosecuting attorney be required to file a bill of particulars.

The trial court did not error in overruling the motion for a bill of particulars; the information plainly charges that the defendant in wanton disregard of the safety of others drove the automobile upon and against the person of Pearl Teem Thompson thereby killing her. The information fully informed the defendant of just what he was charged with doing; he had every chance to prepare his defense. The evidence produced no element of surprise. It is true the state's evidence tended to prove the defendant was under the influence of alcohol at the time of the commission of the offense; but this evidence did not go to prove what the defendant did, although it had a tendency to prove the cause of his actions.

Ark. Stat., § 43-1012, provides: ''No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits.'' § 43-804 provides: ''The Bill of Particulars now required by law in criminal cases shall state the act relied upon by the State in sufficient details as formerly required by an indictment; that is, with sufficient certainty to apprise the defendant of the specific crime with which charged, in order to enable him to prepare his defense. . . .''

The information contains all the requirements of the statutes. *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527; *Bryant* v. *State,* 208 Ark. 192, 185 S. W. 2d 280; *Haller* v. *State,* 217 Ark. 646, 232 S. W. 2d 829.

As to the sufficiency of the evidence, there is substantial testimony to the effect that Mrs. Thompson, the deceased, and her husband had driven out in the country to pick muscadines, parked their car on the shoulder of the road, and were engaged in picking the berries when

the defendant while under the influence of alcohol approached at a reckless rate of speed, drove his automobile completely off the road and onto Mrs. Thompson thereby killing her and seriously injuring Mr. Thompson. The evidence fully sustains a verdict of guilty.

Affirmed.