PHILYAW *v.* STATE.

4878                                    305 S. W. 2d 851

Opinion delivered October 14, 1957.

[Rehearing denied November 11, 1957.]

*Geo. F. Edwardes* and *Dennis K. Williams,* for appellant.

*Bruce Bennett,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

PAUL WARD, Associate Justice. An information was filed against appellant, Derrell Philyaw, charging that he did "wilfully and feloniously have and keep in his possession a certain still and still worm to be used and operated as a distillery for the purpose of making and manufacturing alcoholic, vinous, malt, spirituous and fermented liquors without registering the same with the proper United States Officials as is required by law."

Appellant was convicted by a jury and sentenced to 3 years in the penitentiary; hence this appeal.

The statute under which appellant was charged is Ark. Stats., § 48-936.1 which reads:

"It shall be unlawful for any person to own, have in possession, or knowingly transport an illicit still or still worm for the unlawful manufacture of intoxicating liquors, and it shall be unlawful for any person, or persons, firms or corporations, to engage in and manufacture spirituous liquors without first having license to manufacture intoxicating liquors from the State of Arkansas and the United States of America."

We call attention to the fact the above statute anticipates three separate law violations, viz: (a) The possession of an *illicit still;* (b) The possession of a *still worm* (both for the unlawful manufacture of intoxicating liquors), and; (c) The manufacture of spirituous liquors without a license from the State of Arkansas and the United States.

The proof in this case shows that appellant violated division (b) of the above statute in that he possessed a *still worm* for manufacturing spirituous liquors.

Appellant earnestly insists that the case should be reversed, stressing three principal grounds.

*One.* Appellant says he was "entitled to know the nature of the charge in order that he might [may] prepare his defense." He points out that the information charged him with possessing a *still* and *still worm* without registering the same with the proper United States Officials. We cannot believe appellant was in any way misled. The trial court, by instructions 4, 5, and 7, made it plain to appellant that he could be found guilty for possessing only a *still worm* for the purpose of manufacturing spirituous liquors. Ark. Stats., § 43-1012, provides that:

"No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

In *Ragsdale* v. *State,* 222 Ark. 499, 262 S. W. 2d 91, the above quoted statute was cited and the information was sustained, the court stating that "The evidence produced no element of surprise." Likewise we think appellant was in no way surprised by the State's testimony in this case. If appellant was in any way confused by the wording of the information he could have asked for a bill of particulars, but having failed to do so he cannot now complain.

There is no merit in appellant's contention that the still [found in his possession] was not set up or complete and therefore not subject to registration with the Federal Government. It was not necessary under the statute or the court's instructions to prove that appellant even had a still.

*Two.* Appellant complains that the trial court asked the witness and himself improper questions. The record fails to disclose any objections by appellant to any such questions.

*Three.* Appellant's objection to the court's instruction No. 4 on the ground that it failed to describe an illicit still in accordance with the Federal statute, indicates no reversible error. As indicated previously, it was immaterial what kind of a still appellant possessed or whether

he possessed a still at all. The evidence was sufficient to sustain a conviction of possessing a *still worm* for making spirituous liquors.

We have considered other objections raised in the motion for a new trial, but find in them no reversible error.

Affirmed.

HARRIS, C. J., GEORGE ROSE SMITH and ROBINSON, JJ., dissent.

GEORGE ROSE SMITH, J., dissenting. If the information had simply charged Philyaw with the possession of an illicit still worm for the unlawful manufacture of intoxicating liquors, then the record would support the conviction for that offense. The majority treat the information as if it read as I have suggested, but it does not so read. In my opinion the information charged a materially different offense, which the State failed to prove and which does not fairly include the distinct crime of merely possessing an illicit still worm.

The majority quote Ark. Stats. 1947, § 48-936.1, which makes it unlawful to possess an illicit still or still worm, and seem to assume that this is the only statute that need be considered. This section is in substance an amendment of § 3, Art. VI, of Act 108 of 1935, and is to be read as if it were part of Act 108. Section 5 of the same article in Act 108 must be read along with § 3 and contains this definition of an illicit still:

"An illicit still or apparatus designed for the unlawful manufacture of intoxicating liquor shall include an outfit or parts of an outfit, commonly used, or intended to be used, in the distillation or manufacture of spirituous, vinous or malt liquors which is not duly registered in the office of a Collector of Internal Revenue for the United States, and the burden of proving that same is so registered shall be on the defendant or defendants under charge." Ark. Stats., § 48-937.

This information charged Philyaw with possessing a still and still worm without registering them with the proper United States officials. The section disregarded by the majority is actually the only statute that refers to

registration of the still with the United States; so this section cannot be ignored in determining what offense was charged by the information. The federal law requires the registration only of stills that have been "set up," which excludes from the registration requirement an incomplete still which is incapable of operation or a mere part of a still, such as a still worm. 26 U. S. C. A. § 5174; *United States* v. *Cafero,* 2d Cir., 55 F. 2d 219; *United States* v. *Moses,* 2d Cir., 205 F. 2d 358. Without detailing the evidence it is enough to say that in the case at bar the State failed to prove that Philyaw had in his possession a distilling apparatus sufficiently complete to require its registration under federal law.

It is true, as I stated at the outset, that the State might have charged Philyaw with the mere possession of an illicit still worm, for that conduct is made criminal by Ark. Stats., § 48-936.1. But the State chose instead to charge Philyaw with the unlawful possession of a still and still worm that had not been registered as required by federal law. There was of course no reason for the information to mention federal registration unless the intent was to charge the offense defined by Ark. Stats., § 48-937, that of possessing a distilling apparatus sufficiently complete to require such registration.

It seems clear to me that defense counsel, upon reading the information, was justified in believing that his client was accused of having possessed an essentially complete still, of a type subject to federal registration, and that that was the only charge he was expected to defend. I do not understand the majority's suggestion that counsel should have asked for a bill of particulars. The information was not incomplete or defective. It charged a specific offense, but the accused was convicted of a different offense. If Philyaw had been accused of murder and convicted of robbery, apparently the majority would find no prejudice, for he might have asked for a bill of particulars.

By Instruction No. 7 the court, in my opinion erroneously, told the jury to return a verdict of guilty upon the mere finding that Philyaw had in his possession an

illicit still worm. Counsel objected to this instruction in these words: ''That Instruction No. 7 instructs the jury that the defendant would be guilty if he had in his possession a still worm, still tube, or still coil used for condensation of vapor. The information did not so charge, but charged possession of a still worm and a still, and this is an instruction upon an offense not included in the information to which the defendant announced ready for trial.'' The objection goes to the very error that in my judgment entitles the appellant to a new trial.

HARRIS, C. J., and ROBINSON, J., join in this dissent.