THREADGILL v. STATE.

Opinion delivered May 8, 1911.

INDICTMENT—BLANK DATE.—An indictment for grand larceny is not demurrable for alleging the commission of the offense on a blank date.

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

### STATEMENT BY THE COURT.

The defendants were jointly indicted at the February term, 1911, of the Columbia Circuit Court for stealing hogs. They were duly charged in the indictment with the offense except the date upon which the offense was committed was left blank, it being alleged "the said defendants on the ——— day of ———, 190—, in Columbia County, Arkansas, did unlawfully," etc. A demurrer was interposed to the indictment and overruled by the court.

The trial occurred in March, 1911, and the testimony tended to show that the defendants killed and cleaned two hogs, the property of Ed Copeland, the last Sunday in December before the trial, at the back of Ed Walter's field about three miles from where Andrew Threadgill, one of them, lived, and that they were seen carrying the hogs away after dark by two witnesses, as stated by Will Smith, "Tom Baker and I were coming down the road and saw the fire, and we saw both the defendants with a hog apiece going down the road; we followed them down there, and went in and saw Jerry, but they said Andrew was out. We told Mr. Joiner about what we had seen. It was about 9 o'clock at night that we saw them with the hogs." The hogs had been killed and butchered in a very marshy place, and most of the hair had been burned.

Andrew Threadgill admitted that he had killed the hogs, but claimed that they were his; that he had raised them; that he owned about 35 head, and some of them ranged in the Emerson deadening near the Walters field; that he got Jerry Sherman to go with him and help get them up to kill. That when they got down there they tried to toll the hogs through the field, and could not, and concluded it was best to kill them there.

The court in instructing the jury told them if they found

that the defendants had committed the offense "within three years before the return of the indictment herein into court, which was on the 22d day of February, 1911, "they would find them guilty." The jury returned a verdict of guilty against them, and they filed a motion in arrest of judgment; and, it being overruled and judgment entered, they appealed.

*J. M. Kelso,* for appellants.

The indictment was fatally defective because no time was alleged therein when the crime was committed. 18 Am. Dec. 46; 33 *Id.* 90; 34 *Id.* 121; 56 *Id.* 418; 96 Am. St. Rep. 801; 27 Cent. Dig. paragraphs 244-259; 22 Cyc. 313-320; 4 Cur. Law 9; 6 Am. & Eng. Ann. Cases, 851-853; 81 Me. 271; 2 L. R. A. (N. S.) 251; 6 Bax. (Tenn.) 605; 34 Ind. 436.

The indictment which this court, in 65 Ark. 559, held sufficient alleged an impossible future date, and was so held because of clerical error. The Grayson case, 92 Ark. 413, was a misdemeanor, and the courts do not exact as strict rules of procedure in such cases as in charges of felony. 19 Ala. 526; 8 Rob. (La.) 590; 14 Mo. 398; 22 Cyc. 320.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The indictment was sufficient. 92 Ark. 413.

KIRBY, J., (after stating the facts). It is contended that the indictment was fatally defective in not alleging the date upon which the offense was committed, and also that the verdict is not sustained by the evidence. Necessarily, the offense was committed before the indictment was found, else it could not have been charged to have been committed, as was clearly done in the indictment; and, unless it was shown to have been committed within three years before the finding of the indictment, as the court told the jury, the prosecution would have been barred by limitation. This court has passed upon the precise question, holding that an indictment was not fatally defective because of the omission of, or the failure to charge, the date of the commission of the alleged offense. *Grayson* v. *State,* 92 Ark. 415. This case is controlled by the decision in that, and the evidence is sufficient to sustain the verdict of the jury. The judgment is affirmed.