J. Ernie GASKIN *v.* STATE of Arkansas

5301                                    426 S. W. 2d 407

Opinion delivered April 8, 1968

*Harold Hall*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

George Rose Smith, Justice. Fourteen separate in-

formations were filed against the appellant, J. Ernie Gaskin, charging that he had violated § 7 of the Arkansas Securities Act, Ark. Stat. Ann. § 67-1241 (Repl. 1966), by selling Americana Motor Inns corporate stock to certain residents of Lee county with knowledge that the securities had not been registered as required by the Act. Upon trial the jury found Gaskin guilty of every offense charged and fixed his punishment for each offense at a fine of $1,000. and imprisonment for one year. This appeal is from a judgment entered on the verdict.

We need not detail the State's proof. Gaskin was the president of a company that was a registered dealer in securities. He did not deny that his salesmen had made the asserted sales of Americana stock to the purchasers who testified for the State. His defense was that the stock did not have to be registered, because he had obtained an exemption under § 14 (b) (9) of the Act, which exempts (upon certain conditions) "any transaction pursuant to an offer directed by the offeror to not more than twenty-five (25) persons." Ark. Stat. Ann. § 67-1248 (b) (9). That subsection goes on to provide that the Securities Commissioner may by rule or order further condition the exemption.

The State, in presenting its case in chief, attempted to anticipate and rebut Gaskin's expected defense by proving that he had not complied with the Commissioner's rules governing what we may call the 25-offerees exemption. The Commissioner, called as a witness for the State, testified that his department had adopted a rule requiring an applicant for that particular exemption to file a list of the names of the 25 proposed offerees "so we will know who they are." It was then shown that the names of the fourteen purchasers referred to in the informations against Gaskin were not included in the list of 25 names that Gaskin had filed in obtaining the exemption for Americana corporate stock.

Upon that proof the State contended below, and contends here, that Gaskin was guilty as charged.

We cannot sustain that argument. Section 21 (a) of the Act (§ 67-1255 [a]) provides that a violation of the statute is a felony punishable by a fine of not more than $5,000 or by imprisonment for not more than three years, or by both. By contrast, § 21 (b) (§ 67-1255 [b]) provides that a violation of any authorized rule or order of the Commissioner is a misdemeanor punishable by a fine of not more than $500 or by imprisonment for not more than six months, or by both.

Gaskin was charged and convicted under the felony provisions of the Act, but the proof does not support the conviction. The statute, being penal, must be construed strictly. It simply provides an exemption with respect to an offer of securities directed to not more than 25 persons (with other conditions not now relevant). It is plain enough that the statute, when read without reference to the Commissioner's implementing rule, was not violated by the sale of Americana stock to only fourteen persons.

Under our practice, when the evidence does not support the jury's verdict of guilty with respect to the offense charged, but does support a finding of guilty with respect to a lesser included offense, we may reduce the judgment accordingly unless the Attorney General elects to take a new trial. Green v. State, 91 Ark. 562, 121 S. W. 949 (1909). Here, however, even if it can be said that the proof establishes Gaskin's commission of a misdemeanor (or fourteen misdemeanors), that offense is not included within the felony with which he was charged. "To be an included offense, all the elements of the lesser offense must be contained in the greater offense—the greater containing certain elements not contained in the lesser." Beck v. State, Ind., 149 N. E. 2d 695 (1958). See also Wharton's Criminal Law, § 33 (12th Ed. 1932); Moreland v. State, 125 Ark. 24, 188

544

S. W. 1, L.R.A. 1917A, 140 (1916); *State* v. *Nichols,* 38 Ark. 550 (1882).

The statutory definition of the 25-offerees exemption contains no requirement whatever that a list of names be filed with the Commissioner. That substantive step may well have been a proper implementation of the statute under the Commissioner's rule-making power, but the evidence to establish a violation of the Commissioner's rule must unquestionably encompass an element (the offer of the securities to a person not named on the list) not included within the felony denounced by the statute. Hence we cannot properly reduce the felony convictions to misdemeanors.

The judgment is reversed, and, since the State may be able to prove that the securities were actually offered to more than 25 persons, the cause is remanded for a new trial.

BROWN, J., not participating.