Donald HUFFMAN *v.* STATE of Arkansas

CR 85-190                                704 S.W.2d 627

Supreme Court of Arkansas
Opinion delivered March 10, 1986

*Edwin J. Alford*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. On November 15, 1984, the appellant was charged with having committed rape on or about January 15, 1984, by engaging in sexual intercourse or deviate sexual activity with a girl under the age of eleven. The jury found him guilty and imposed a 35-year sentence. There is no merit in his three arguments for reversal.

■ It is first contended that the appellant's signed confession was involuntary and should not have been received in evidence. At the suppression hearing the appellant testified that the police officers compelled him to sign the statement, which he said was not true. The State presented convincing proof to the contrary. The officers testified that Huffman had not wanted to make a statement when he was arrested, but after three or four days he said he wanted to see the sheriff and make a statement. According to the officers, Huffman made the statement voluntarily. At the hearing Huffman admitted the truth of parts of the statement, relating to his childhood and his first job. His description of the criminal incident was the same as that given by the child in her testimony at the trial. We have reviewed the testimony taken at the suppression hearing and find that the statement was voluntarily made.

■ A second argument is that the court should have granted a continuance when, just before the trial began, the State was allowed to amend the information to allege that the crime occurred between November 1, 1983, and January 15, 1984. No prejudice resulted from the court's action. In a case of this kind the particular time is not an ingredient of the offense; so the amendment was permissible. Ark. Stat. Ann. § 43-1015 (Repl. 1977); *Scoggins* v. *State*, 258 Ark. 749, 528 S.W.2d 641 (1975). The prosecutrix testified that there was intercourse both before and after Christmas (1983). In view of the statute making a variance in time immaterial, we fail to see how the defense was affected by the amendment.

■ A third argument is that the State's proof was insufficient, but the appellant concedes that if the confession was admissible, as we hold it to have been, this point is not well taken.

Affirmed.

PURTLE, J., not participating.