David SULLIVAN *v.* STATE of Arkansas

CR 86-3                                              711 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered June 23, 1986
[Rehearing denied July 21, 1986.*]

---

* Holt, C.J., not participating.

*Chandler & Thomason*, by: *J. G. Molleston*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant was convicted of raping his thirteen-year-old stepdaughter. He was sentenced as an habitual criminal to sixty years imprisonment. He raises these points: (1) the court abused its discretion in refusing his application to subpoena out of state witnesses; (2) evidence of past sexual contacts between the appellant and the victim should have been excluded; (3) the court should have instructed on carnal abuse in the first degree as a lesser included offense; and (4) the evidence was insufficient. We find no merit in any of these arguments, and thus we affirm.

The appellant's stepdaughter came to live with him in Missouri when she was eleven pursuant to an agreement between him and her mother. Her mother lived in Minnesota. The victim described the appellant as her stepfather. They moved from Missouri to a rent house at Emerson, Arkansas, where they lived with two other children and three other adult family members.

The victim testified that her stepfather began touching her in the "wrong places" when she was eleven and that the appellant began engaging in sexual intercourse with her when she was twelve. The record shows she was pregnant at thirteen, and apparently this brought her to the attention of Columbia County authorities. She testified she had had visits with social workers in Missouri and in Arkansas, and with a doctor, but that she had not told on the appellant because she feared him and did not want him to get into trouble.

The victim was asked to recall the 24th of March and if that was the last time she had intercourse with the appellant. She said

it was a Saturday or a Sunday, she could not remember which. She said the appellant came into the bathroom where she was naked, except for a towel wrapped around her, preparing to take a bath. She said the appellant shoved her to the floor, took down his pants and underwear, and placed his penis in her vagina.

## 1. Witness Subpoenas

The appellant's counsel petitioned the court for subpoenas to obtain the presence of the three adults who had been living with the appellant and the victim. The appellant's counsel filed with the petition his affidavit stating that the witnesses were at a certain address in Hannibal, Missouri, some 600 miles away, and that they had been in the house where the rape was alleged to have occurred at the time it was alleged to have occurred. The state did not dispute these facts, but argued the appellant had not demonstrated the witnesses had material testimony to offer.

In argument on the motion it became clear that counsel for the appellant had not spoken with the three witnesses as to whom the subpoenas were sought. The court offered to give the appellant a continuance so he could complete his investigation. The appellant's counsel apparently was unable to speak to the witnesses, as nothing further appears on the record. The court ultimately denied the motion.

The appellant had no absolute right to the subpoenas or to have the witnesses appear at government expense. Whether to honor such a request is within the discretion of the trial court. *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982); *Wright* v. *State*, 267 Ark. 264, 590 S.W.2d 15 (1979); *Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). Given counsel's inability to produce any evidence as to what these witnesses might or might not be able to say, we find no abuse of discretion.

## 2. Past Sexual Conduct

By a motion *in limine*, the appellant sought to prevent any testimony as to sexual contact between his stepdaughter and himself other than the offense charged. The motion was denied. The victim testified as to her prior sexual relationship with the appellant. She said he had hit her in connection with prior sexual episodes and she testified that he "hits pretty hard."

In *Price v. State*, 267 Ark. 1172, 599 S.W.2d 394 (Ark. App. 1980), our court of appeals analyzed Uniform Rule of Evidence 404(b) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The court said:

> In our view, the rule should be interpreted to exclude evidence of other offenses when its only purpose is to show the accused's character or some general propensity he might have to commit the particular sort of crime in question. It should not be interpreted to exclude evidence of other offenses when that evidence is probative of the accused's participation in the particular crime charged. If it is probative of his participation the only remaining question should be whether it is so prejudicial that it should be excluded because the prejudice brought about by exposition of other offenses is not sufficiently balanced by the probative value of the evidence on the facts sought to be proved. See, Rule 403. [267 Ark. at 1176, 599 S.W.2d at 396.]

We affirmed the court of appeals decision in *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980). We said:

> Although petitioner contends that Rule 404(b) prohibits the introduction of testimony of other criminal activity, the rule clearly permits such evidence if it has relevancy independent of mere showing that the defendant is a bad character. In other words: 'If other conduct on the part of the accused is independently relevant to the main issue — relevant in the sense of tending to prove some material point rather than merely to prove that the defendant is a criminal — then evidence of that conduct may be admissible, with a proper cautionary instruction by the court. (Citation omitted.)' [268 Ark. at 538, 597 S.W.2d at 599.]

We most recently dealt with the question in *Johnson* v. *State*, 288 Ark. 101, 702 S.W.2d 2 (1986), where we again held that evidence of prior incestuous acts with the same person was admissible.

■ We interpret Rule 404(b) as meaning that if the evidence of prior bad acts is relevant to show the offense of which the appellant was accused occurred, and is thus not being introduced to show only bad character, we will not exclude it. While we may not be able to tie the evidence specifically to proof of "motive, opportunity, intent, preparation, plan, knowledge, identity or absense of mistake or accident," if it has an independent relevancy we will regard it as being, in the words of the rule, "such as" one of those permissible objects of proof.

■ In this case the evidence that this forcible sexual intrusion by the appellant had been going on for some time was probative of both the victim's fear of the appellant and the fact that a rape could have occurred in the bathroom of a house which might have been full of people, after the accused merely shoved the victim to the floor.

The trial court properly admonished the jury that the evidence was not being introduced to show the appellant's bad character or that he may have been acting in conformity with that bad character. We find no error.

### 3. Lesser Included Offense

The appellant proffered an instruction on carnal abuse in the first degree as a lesser offense included in rape. The court declined to give the instruction.

■ The rape allegedly occurred March 24, 1985. Prior to March 7, 1985, Ark. Stat. Ann. § 41-1803 (Repl. 1977) provided:

> Rape. — (1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> (a) . . . .
>
> (b) . . . .
>
> (c) who is less than eleven years old.

On March 7, 1985, Act 281 of 1985, codified as Ark. Stat. Ann. §

41-1803 (Supp. 1985), became effective. The comparable section defined rape as follows:

> (1) Rape. A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> (a) . . . .
>
> (b) . . . .
>
> (c) who is less than fourteen years of age. It is an affirmative defense to prosecution under this Section that the actor was not more than two years older than the victim.

This is the offense with which the appellant was charged.

The statute defining carnal abuse in the first degree, Ark. Stat. Ann. § 41-1804(1) (Repl. 1977), was not amended in 1985. It provides:

> A person commits carnal abuse in the first degree if being eighteen years old or older, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than fourteen years old.

One definition of rape and the definition of carnal abuse in the first degree have thus become identical except that carnal abuse in the first degree requires proof that the accused be at least eighteen years old. Thus it is clear that carnal abuse in the first degree may not be regarded as a lesser included offense to rape as defined by § 41-1803(1)(c).

In *Gaskin v. State*, 244 Ark. 541, 426 S.W.2d 407 (1968), we held that to constitute an included offense, all the elements of the lesser offense must be contained in the greater offense which contains certain elements not in the lesser offense. Carnal abuse now contains an element not included in rape, i.e., that the accused be over eighteen. A seventeen-year-old who engages in intercourse with a thirteen-year-old could be convicted of rape [and not have the benefit of the affirmative defense provided in § 41-1803(1)(c)] but could not be convicted of carnal abuse in the first degree. Rape is a class Y felony. § 41-1803(2). Carnal abuse in the first degree is a class B felony. § 41-1804(2) (Supp. 1985). The sentencing range for class B is less punitive

than for class Y. *See* Ark. Stat. Ann. § 41-901(1)(a) and (c) (Supp. 1985).

We need go no further into the anomaly the new legislation has produced with respect to these offenses. It is enough to say there was no error resulting from refusing in this case to instruct on carnal abuse in the first degree because it is not a lesser included offense in the rape with which the appellant was charged.

### 4. Sufficiency of the Evidence

The appellant's main contention in this point for reversal is that the state presented no clear evidence that the offense occurred on March 24, 1985. As noted above, the statute pursuant to which the appellant was charged went into effect March 7, 1985.

The victim testified that she and the appellant and the others moved to Arkansas in March, 1985, that the appellant engaged in intercourse with her three or four times after the move, and that they had been in Arkansas two or three weeks when the police came out to their house. When he began to inquire at trial during the victim's testimony about the rape charged, the prosecutor asked and she answered as follows:

> Q:   I call your attention to around the 24th of March, around in that area, which was the last — was this the last time it happened? Do you remember the last time that he engaged in intercourse with you?

> A:   It was around Saturday or Sunday one, I can't remember.

> Q:   Tell the jury if you will very loudly . . . very clearly, what happened on that day.

The victim then recited the details of her final sexual encounter with the appellant.

We must view the evidence most favorably to the appellee. *Thompson* v. *State*, 284 Ark. 403, 682 S.W.2d 742 (1985); *McCree* v. *State*, 266 Ark. 465, 585 S.W.2d 938 (1979). While it is true that the victim did not give a clear reference to a date after March 7, 1985, we hold her testimony was sufficient to

show the rape occurred on or about March 24, 1985, as charged, and in any event was sufficient to sustain the conclusion the rape occurred after March 7, 1985.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Anomaly or not, carnal abuse in the first degree is established by proof of the same or less than all the elements required to establish the commission of rape as defined in Ark. Stat. Ann. § 41-1803 (1)(c) (Supp. 1985). In order to provide a quick comparison the statutes involved are set out below.

Ark. Stat. Ann. § 41-105 (Repl. 1977):

(2) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . . .

Ark. Stat. Ann. § 41-1803 (Supp. 1985):

(1) Rape. A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
. . .

(c) who is less than fourteen years of age. It is an affirmative defense to prosecution under this Section that the actor was not more than two years older than the victim.

Ark. Stat. Ann. § 41-1804 (Repl. 1977):

A person commits carnal abuse in the first degree if being eighteen years old or older, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than fourteen years old.

It can be clearly seen from the above statutes that carnal abuse in the first degree and rape as charged herein may be committed upon the exact same facts. The evidence clearly shows

the appellant to be over the age of 18 and the victim to be under the age of 14. Since the facts of this case clearly establish either and/or both offenses, the appellant was entitled to have the jury instructed on both. We have many times held that an offense is included in another if it is established by proof of the same or less than all the elements required to establish the commission of the other offense. *Akins* v. *State*, 278 Ark. 180, 644 S.W.2d 273 (1983); *Rowe* v. *State*, 275 Ark. 37, 627 S.W.2d 16 (1982); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981).

I would reverse and remand because the court refused to give the instruction on carnal abuse in the first degree.