Theophilus COBBS, Jr. *v.* STATE of Arkansas

CR 87-9                                                    728 S.W.2d 957

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*William R. Simpson, Jr.*, Public Defender, and *Donald K. Campbell, III*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert H. Ginnaven, III*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals his convictions for rape, aggravated robbery and kidnapping for which he was sentenced, as a habitual offender, to two life terms and one forty-year term, respectively, sentences to run consecutively. For reversal, he contends the trial court erred in refusing to grant a mistrial. Appellant further argues that prejudicial error was committed in the sentencing phase, and, as a result, his sentences should be reduced. We affirm.

The State's case established that appellant's victim left work and walked to her car which was parked in a lot. As she started to unlock her car, a man, carrying a gun, accosted her and demanded her money. He then forced her into her car and, after driving around awhile, put her in the trunk of the car. Later, he let

her out of the trunk, placed her in the back seat and raped her. Afterwards, appellant drove around some more and, eventually, he left his victim with her car. She drove home and called the police. Her ordeal with the assailant lasted about three hours.

The victim testified her attacker's face was concealed by a hat and scarf, and that he threatened her, telling her not to look at him. She said her assailant talked throughout the episode, which enabled her to identify appellant on the basis of a voice lineup conducted at the police station. The State also introduced expert testimony that a more forceful than normal sexual intercourse had occurred, and that fingerprints, hair, sperm and blood samples matched appellant's.

On appeal, appellant argues the court should have granted a mistrial when a detective, on direct examination by the State, made the following statement:

Q: Briefly, what was your occasion of coming into contact with Mr. Cobbs?

A: Sir, he was brought into me at the detective bureau by members of the street crime unit as a suspect in the sexual *assaults* that . . . an assault in Little Rock. (Emphasis supplied.)

Appellant's attorney objected, and the prosecutor continued:

Q: A sexual assault?

A: A sexual assault in Little Rock. Yes, sir.

At the bench, appellant urged the witness's reference to "assaults" prejudiced him because it indicated he had committed other crimes. The court denied appellant's motion for mistrial, and appellant requested no admonition to the jury.

The detective's reference was obviously inadvertent, and upon the prompt follow-up questioning by the prosecutor, the witness immediately corrected himself. In addition, the record reflects some degree of doubt concerning whether the jurors even heard the offensive word.

We have stated on many occasions that the granting of a mistrial is an extreme and drastic remedy and must be left to

the discretion of the trial judge. A mistrial should be avoided except where fundamental fairness of the trial itself is at stake. *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986). Furthermore, as was reiterated in *Novak* v. *State*, 287 Ark. 271, 698 S.W.2d 499 (1985), we have upheld denials of mistrials where, by chance remarks, it was brought out that the defendant had had prior arrests, even prior convictions, where the comment was inadvertent. *See McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985); *Hogan* v. *State*, 281 Ark. 250, 663 S.W.2d 726 (1984); *Sanders* v. *State*, 277 Ark. 159, 639 S.W.2d 733 (1982); *Hill* v. *State*, 275 Ark. 71, 628 S.W.2d 285 (1982). Based on the record before us, we are unable to say the trial court abused its discretion in denying appellant's request for a mistrial.

For his second point, appellant contends his sentence should be reduced because of comments the prosecutor made in his closing argument during the sentencing phase. Those pertinent remarks appear as follows:

> and maybe in this case, with the defendant's background, the third concern and purpose of the criminal justice system may be more important. We have you citizens who are not violating the law, and you citizens who are going to walk from here to your car, whenever it may be. . .

At this point of the prosecutor's closing argument, appellant's counsel objected, stating, "I didn't get into this area and I don't think Mr. . . ." Before counsel could complete his objection, the trial court overruled it. As a consequence, the nature of appellant's objection below is unclear. Because appellant's objection was not sufficiently specific to apprise the trial court concerning the particular error complained of, he failed to properly preserve the right to appellate review. *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983).

We note that appellant's argument on appeal is that the prosecutor's closing comments were prejudicial because they appealed to the jury's fears and prejudices. Even if this point had been preserved on appeal, we would find no prejudicial error. The trial court has a wide latitude of discretion in controlling the arguments of counsel, and its rulings in that regard are not overturned in the absence of clear abuse. *Hill* v. *State*, 289 Ark. 387, 713 S.W.2d 233 (1986).

In *Midwest Buslines, Inc.* v. *Johnson*, 291 Ark. 304, 724 S.W.2d 453 (1987), we reiterated the standard of review in cases involving improper arguments to the jury. Quoting *Missouri Pacific Railroad Co.* v. *McDaniel*, 252 Ark. 586, 589, 483 S.W.2d 569, 571 (1972), we said

> it is the duty of the appellate court to look to the remarks, and weigh their probable effect upon the issues; then to the action of the trial court in dealing with them; and if the trial court has not properly eliminated their sinister effect, and they seem to have created prejudice, and likely produced a verdict not otherwise obtainable, then the appellate court should reverse. However, a wide range of discretion must be allowed the circuit judges in dealing with the subject, for they can best determine at the time the effect of unwarranted argument; . . .

*See also Gustafson* v. *State*, 267 Ark. 830, 593 S.W.2d 187 (Ark. App. 1979) (comments made during sentencing phase held not unduly prejudicial; trial court has the opportunity to observe prejudicial impact upon jury).

For the reasons stated above, we find no reversible error and, therefore, affirm.