John Russell BONDS *v.* STATE of Arkansas

CR 88-4                                        751 S.W.2d 339

Supreme Court of Arkansas
Opinion delivered June 13, 1988
[Rehearing denied July 11, 1988.*]

*Purtle, J., would grant rehearing.

*Jack M. Lewis*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant John Russell Bonds was convicted of rape of his youngest daughter and incest against his eldest daughter and sentenced to a life and ten-year term, respectively, the sentences to run concurrently. He argues five points for reversal. We find no error and affirm the judgment of the trial court.

## PRIOR CRIMES

Bonds contends that the trial court erred in permitting the

State to introduce evidence of sexual contact he had with his daughters other than that for which he was charged in violation of Ark. R. Evid. 404(b). We disagree.

Rule 404(b) provides in pertinent part as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In *Sullivan* v. *State*, 289 Ark. 323, 711 S.W.2d 469 (1986), we held that if evidence of prior acts of sexual contact between an accused and his step-daughter is relevant to show the rape of which appellant was accused had occurred, the evidence is admissible under Rule 404(b). Accordingly, since evidence of prior acts of sexual contact between Bonds and his daughters was relevant to show that the rapes and acts of incest of which Bonds was accused had occurred, the evidence was admissible.

## NOTIFICATION OF CHARGES

Bonds argues that he was not adequately notified of the charges against him in violation of the sixth amendment to the United States Constitution and Art. 2, § 10, of the Arkansas Constitution because the rape and incest informations failed to specify the persons against whom and the specific dates on which the crimes were allegedly committed. We disagree.

The felony information charging Bonds with rape provided in pertinent part as follows:

> [T]he State of Arkansas Charges John Russell Bonds with the crime of violating Ark. Stat. Ann. Section 41-1803 (C) [Ark. Code Ann. § 5-14-103 (1987)] Rape, to-wit: The said Defendant, in Van Buren County, Arkansas, on repeated occasions, engaged in sexual intercourse and deviate sexual activity with another person who was less than fourteen (14) years of age, against the peace and dignity of the State of Arkansas. A Class Y Felony.

The State amended the information to state that "said conduct by the defendant as alleged occurred within three years immediately

4

preceding the filing of the original information."

The felony information charging Bonds with incest stated in pertinent part as follows:

[T]he State of Arkansas Charges John Russell Bonds with the crime of violating Ark. Stat. Ann. Section 41-2403 [Ark. Code Ann. § 5-26-202 (1987)] (INCEST) committed as follows, to-wit: The said Defendant(s), in Van Buren County, Arkansas on or about the ___ day of ___, 19 ___, did unlawfully, feloniously, and being 16 years of age or older, had sexual intercourse and/or deviate sexual activity with a person he knew to be a descendant, step-child, or adopted child, against the peace and dignity of the State of Arkansas.

During a recess after the jury was sworn but before testimony was taken, the State made it clear that it would prove that the acts of incest for which Bonds was charged occurred within the three-year statute of limitations [Ark. Code Ann. § 5-1-109 (1987)].

Although it is better and safer practice to include in an information or indictment the date on which or the time frame in which an offense occurred, it is not necessarily fatal to an indictment or information if such data is not included, unless time is an essential element of the offense. *See Kirkam* v. *City of North Little Rock*, 227 Ark. 789, 301 S.W.2d 559 (1957). *See also Grayson* v. *State*, 92 Ark. 413, 123 S.W. 388 (1909); *Threadgill* v. *State*, 99 Ark. 126, 137 S.W. 814 (1911).

Under the facts of this case, it was not necessary that the State include in the rape and incest informations the dates on which the offenses occurred. First, it is clear that time is not an essential element of rape, *Huffman* v. *State*, 288 Ark. 321, 704 S.W.2d 627 (1986), or incest. Secondly, the State informed Bonds that the rape for which he was charged took place within three years immediately preceding the filing of the original information and that the acts of incest for which he was charged took place within the statute of limitations. Furthermore, in crimes of this nature against family members, as compared to offenses against victims with whom the accused had no prior contact, an accused is more likely to be aware of the specifics of the charges against him and therefore better able to prepare

his defense.

Since he did not make the argument below, we will not address Bonds' contention that his constitutional rights were violated in that the indictments failed to include the names of the victims of the crimes. *Gooden* v. *State*, 295 Ark. 385, 749 S.W.2d 657 (1988). We do not consider issues raised for the first time on appeal. *Id.*

## DOUBLE JEOPARDY

Bonds contends that his convictions violated the double jeopardy clauses of the United States and Arkansas Constitutions based upon the following argument:

Of the multitude of incidents testified to against the defendant it is as reasonable as not that the jury believed only one daughter on one separate instant which may or may not have occurred after the child turned fifteen. The burden is on the state to prove the defendant guilty. But which charge, if any, did they prove?

Bonds has failed to support his double jeopardy contention with convincing argument or any citation of authority. He has in effect asked us to research the law on the subject. Therefore, we will not consider his assignment of error. *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

## ADMISSIBILITY OF WRITING LOG

Bonds argues that the trial court erred in not admitting into evidence a "writing log" compiled by his youngest daughter. We hold otherwise.

On cross-examination, the defense and the daughter had the following dialogue:

Q. Do you keep any type of diary?

A. We had to keep a writing log for English. It was like fifteen minutes every Friday we would write stuff in it about how the week was.

Q. And this was for English.

A. Uh-huh.

Q. Did you hand those things in?

A. We hand — she didn't — she wouldn't read them, and she never — we didn't hand them in; she just checked to make sure we did it. We didn't hand it in. I had an assignment that I had to turn in, but —

. . .

Q. You did keep a diary, though, didn't you, that you wrote your secret thoughts in?

A. Not a diary.

Q. Well, you wrote them down.

A. In a writing log.

The defense then attempted to introduce the log for impeachment purposes stating:

Your Honor, these writings were writings that I think she admitted — she stated she did it for English class, but when she looks at them they are not — they are notes about boys, who she's in love with, some thoughts of little girls is not going to tell someone else, especially their parents. They don't want anyone else to look at it; it's their secret thoughts.

But in all this time there's not one mention of anything, not one, of her father of anything — trouble with her father or this abuse in all these writings. Now she tells how happy she is in there; she tells how mad she is sometimes, but it's always because she's in love or something was not happening in school or a boy she's in love with and they broke up and this stuff.

The trial judge refused to admit the writing log stating, "I don't see any impeachment here."

Subsequently, defense counsel asked, "Well, you've never written anything down that is available right now concerning these acts you have complained of, have you?" She replied, "No."

■ We do not address the issue of whether the trial court

erred in refusing to admit the writing log into evidence since even assuming this was error, Bonds has not demonstrated any prejudice resulted which would require reversal. We will not reverse for errors which do not affect the essential fairness of a trial. *See Scherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988).

After the trial court declined to admit the log for impeachment purposes, the daughter admitted that there was nothing in the log concerning acts of sexual contact by her father. The lack of reference to her father in her writing log was exactly what Bonds was attempting to introduce into evidence for impeachment purposes.

## PROSECUTOR'S MISCONDUCT

Bonds contends that the prosecutor's remarks in his opening statement and closing argument were so inflammatory and prejudicial that he was denied a fair trial.

In his opening statement, the prosecutor stated:

> But Kim [the youngest daughter] finally had enough and early, early this year, after this last episode on the 26th when he hurt her and frightened her so badly, that she went to school and she confided what happened, what was being done to her and had been done to her at school — an officer of the school, a teacher's aid that was working with the cheerleaders — she was a cheerleader. Now that person has since moved off and they're not here, and under rules of evidence it's not admissible; she couldn't tell her what Kim told her anyway.

In his closing argument, the prosecutor remarked, "Kim told a young friend who was a teacher's aid at school, and that blew the whole thing open."

Bonds' counsel did not object to the closing statements and only objected to the opening remarks on the basis that the prosecutor was repeating himself. Since Bonds did not make a specific objection to the allegedly inflammatory or prejudicial nature of prosecutor's opening or closing statements, we will not consider his argument. *See Cobbs* v. *State*, 292 Ark. 188, 728 S.W.2d 957 (1987).

8

Pursuant to Ark. Sup. Ct. R. 11(f), we have made our own examination of all other objections made at trial and find no reversible error.

Affirmed.

HAYS and GLAZE, JJ., concur.

TOM GLAZE, Justice, concurring. I concur as to the admissibility of the victim's writing log. The victim kept the log in connection with an English class she attended. One must stretch his or her imagination to conclude that the victim's testimony that the appellant (father) had raped her would be impeached by showing the victim had omitted her father's name as a lover or sexual encounter in her English assignment. Clearly, the trial judge did not abuse his discretion in excluding the girl's writing log as irrelevant. By this concurrence, I leave no doubt that I would affirm on this point without reaching the question concerning the appellant's failure to demonstrate prejudice.

HAYS, J., joins in this concurrence.

*Purtle, J., would grant rehearing.