Courtney Hudson Goodson, Justice, concurring. I agree that substantial evidence supports appellant’s conviction of rape. I also support the majority’s conclusion that we must affirm the verdict-form issue that- is raised on appeal because appellant wholly failed to support his argument with any citation to authority. I write separately to underscore the wisdom of refusing to address the merits of this point. This' court has been resolute in holding that we do not consider an argument, even a constitutional one, when the appellant presents no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. Maiden v. State, 2014 Ark. 294, 438 S.W.3d 263; Britton v. State, 2014 Ark. 192, 433 S.W.3d 856; Green v. State, 2012 Ark. 347, 423 S.W.3d 62; Menne v. State, 2012 Ark. 37, 386 S.W.3d 451; Hollis v. State, 346 Ark. 175, 55 S.W.3d 756 (2001); Roberts v. State, 324 Ark. 68, 919 S.W.2d 192 (1996). When an appellant fails to support his argument with | ¡¡authority, he is effectively asking this court to research the law on the subject. See Bonds v. State, 296 Ark. 1, 751 S.W.2d 339 (1988); see also Dixon v. State, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977) (stating that “[i]n effect the court is asked to research the law and to hold in favor of the appellant if the result of our labor so demands. We must decline that invitation”). However, this court does not research or develop arguments for appellants. Turner v. State, 2016 Ark. 96, 486 S.W.3d 757; Hester v. State, 362 Ark. 373, 208 S.W.3d 747 (2005). We are asked to decide in this case the following issue of first impression: whether a circuit court falls into error by giving the jury a general verdict form when the State, in a single count, charges the commission of an offense by different means. In Griffin v. United States, 502 U.S. 46, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), the United States Supreme Court recognized that this charging practice has its origin in English common law. It also appears that the Supreme Court has upheld the use of a general verdict form when a defendant is so charged. Schad v. Arizona, 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). Thus, it is not apparent without further research that the issue raised has merit. As this state’s highest court, to definitively answer the question posed in this case would require us to research the treatment of this issue by our sister states and the federal courts. This would place us in the untenable position of developing the issue entirely on our own without any input from the parties. It is a far better practice to decide issues that are developed and presented to us in adversarial fashion. Thus, this court wisely declines to address arguments that are not supported by authority. We rightfully do so here.