Cite as 2025 Ark. 100

# SUPREME COURT OF ARKANSAS
**No.** CR–24–423

| | | |
|---|---|---|
| | | **Opinion Delivered:** June 5, 2025 |
| RAYMOND LOVETT | | |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 60CR–22–3999] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CATHLEEN V. |
| | | COMPTON, JUDGE |
| | | |
| | | AFFIRMED. |

**KAREN R. BAKER, Chief Justice**

Appellant Raymond Lovett was convicted by a Pulaski County Circuit Court jury of capital murder. Lovett was sentenced to life imprisonment plus an additional fifteen-year firearm enhancement. On appeal, Lovett challenges the prosecution's statements made during closing argument. This case involves a sentence of life imprisonment; therefore, jurisdiction is properly in this court pursuant to Arkansas Supreme Court Rule 1–2(a)(2). We affirm.

Because Lovett does not challenge the sufficiency of the evidence, only a brief recitation of the facts is necessary. Lovett's convictions stem from the shooting death of Leighton Whitfield. On November 21, 2022, Lovett was charged with capital murder and

a sentencing enhancement for employing a firearm during the commission of the murder.[1] A jury trial was held on December 13–14, 2023. At trial, the jury was presented with testimony that on September 28, 2022, Jade Pye was a patient at St. Vincent North Hospital in Sherwood. Pye called Cynthia Lovett[2] and asked Cynthia to bring her little brother to the hospital. Instead, Cynthia called Lovett and told him that Pye's fiancé, Whitfield, had left the hospital and that Lovett could go visit Pye. A little while later, Lovett arrived at the hospital. During Lovett's visit, Whitfield returned, introduced himself, and asked Lovett to plug in his phone, which seemed to upset Lovett. Instead of responding, Lovett went to the bathroom for about fifteen or twenty minutes. When Lovett returned, he sat down and began to ask Pye and Whitfield how long they had been together. Lovett then stood up and stated, "The only reason I'm not about to blow your fucking head off right now is because [Cynthia] told me not to." Lovett immediately began firing shots at Whitfield. Whitfield died as a result of several gunshot wounds to his head. Lovett left the scene of the shooting and went to a nearby gas station where he told the owner to call the police so that he could turn himself in. The police subsequently arrived and arrested Lovett.

Lovett testified in his own defense and explained that prior to the shooting he told Whitfield, "I don't know what's true and what's not true, but if I hear something about you putting your hands on her again, it won't be good for you." After a brief exchange back and forth, Lovett lifted his shirt, showing Whitfield his gun and said, "If you get out of that

---

[1] Lovett was also charged with aggravated assault, but he was acquitted of that charge.

[2] Cynthia Lovett is Raymond Lovett's former stepmother. For clarity, she will be referred to by her first name.

chair, I'll kill you." Lovett testified that Whitfield proceeded to stand up anyway, so he shot him multiple times.

Lovett was convicted and sentenced as set forth above and now appeals.

## I. *Arguments on Appeal*

## A. "Golden Rule" Argument

On appeal, Lovett argues that the prosecutor made improper statements during the State's closing argument. The first statement that Lovett takes issue with is as follows: "I mean, if that's the case, then none of us stand a chance. And if that's the case with all the deaths and killings and stuff that are going on in Pulaski County[.]"

Lovett argues that this statement violated the "golden rule" because the prosecutor asked the jurors to put themselves in the position of a party or a victim. However, as the State correctly points out, Lovett failed to obtain a ruling on this objection. It is the appellant's obligation to obtain a ruling at trial in order to properly preserve an issue for review. *See Beshears v. State*, 340 Ark. 70, 72, 8 S.W.3d 32, 34 (2000). Further, the record demonstrates that Lovett failed to make the golden-rule argument below. We have routinely held that we do not address arguments that are raised for the first time on appeal. *Hicks v. State*, 2017 Ark. 262, at 10, 526 S.W.3d 831, 838. Likewise, "a party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal." *Stewart v. State*, 2012 Ark. 349, at 8, 423 S.W.3d 69, 74. Because Lovett failed to develop his golden-rule argument he cannot now make this argument for the first time on appeal. Accordingly, this argument is not preserved for our review, and we decline to consider the merits of this argument.

As an additional basis for reversal, Lovett argues that the circuit court's failure to give an admonition/curative instruction constitutes an abuse of discretion because it left undisturbed the prejudice from the State's improper comments. In denying Lovett's request for an admonition to disregard the prosecutor's comments, the circuit judge shook her head and did not give the admonition. The circuit court is given broad discretion to control counsel in closing arguments, and we do not interfere with that discretion absent a manifest abuse of discretion. *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). Closing remarks that require reversal are rare and require an appeal to the jurors' passions. *Id*. Further, the circuit court is in the best position to evaluate the potential for prejudice imputed to the prosecutor's remarks. *Id*. Here, while the circuit court declined to admonish the jury to disregard the prosecutor's comment, the court had already instructed the jury that the closing arguments were not evidence. Further, Lovett did not object on the basis of prejudice from the State's purported improper comments. Instead, Lovett objected and explained that the prosecutor's comments were improper because "we can't bring in the wrongs that happen in Pulaski County and put it in this case[.]" Under these facts, we cannot say that the circuit court abused its discretion in denying the request to admonish the jury to disregard the prosecutor's statements.

## B. Rubberstamping Argument

Next, Lovett takes issue with the prosecutor's statement about Lovett's request for a manslaughter instruction: "I think he's essentially wanting you to rubber stamp his actions, and he's asking you to let him get away with murder." On appeal, Lovett argues that (1) telling the jury that a verdict of manslaughter is letting some "get away with murder" is a

material misstatement of law; (2) the State's "rubberstamping" argument is both a misstatement of law and a base appeal to the jurors' emotions; and (3) the comment constitutes an improper burden-shifting as this insinuates that it is Lovett's burden to prove the existence of an extreme emotional disturbance. However, again, Lovett did not obtain a ruling below. Instead, after his objection, the circuit court merely stated, "Well, let's bear in mind, too, that what the lawyers say is not evidence, so . . . [.]" As stated above, it is the appellant's obligation to obtain a ruling at trial in order to properly preserve an issue for appellate review. *Beshears, supra.* Further, Lovett's objection was that the prosecutor's comments were a misstatement of defense counsel's closing argument. Specifically, Lovett stated, "Your Honor, that is a mis-statement and it's improper. *That is not what I said.*" (Emphasis added.) At no point did Lovett develop the arguments that he now makes on appeal. Because Lovett failed to develop these arguments below, he cannot raise them for the first time on appeal. *Stewart, supra.* Accordingly, these arguments are not preserved for our review.

Because Lovett received a sentence of life imprisonment, the record has been reviewed for all errors prejudicial to him as required by Arkansas Supreme Court Rule 4-3(a). No reversible error was found.

Affirmed.

BRONNI, J., concurs.

**NICHOLAS J. BRONNI, Justice, concurring.** Our preservation rules shouldn't be a trap for litigants. Yet that's how the majority treats them, foreclosing appellate review whenever a defendant hasn't uttered certain magic phrases. That elevates form over

substance, and it's the wrong approach. I'd focus instead on substance and ask whether, in context, an objection fairly encompassed the argument made on appeal. Applying that standard here, Lovett did enough to preserve his golden-rule argument. So rather than disposing of that claim on procedural grounds, I'd address and reject it on the merits.

First, here's the context. During its closing argument, the State argued that if the jury accepted Lovett's extreme emotional disturbance claim, then "none of us stand a chance." The State continued, "if that's the case with all the deaths and killings and stuff that are going on in Pulaski County—" at which point Lovett objected. At an ensuing bench conference, Lovett explained that "we can't bring in the wrongs that happen in Pulaski County and put it in this case, and that's improper prosecutorial argument, and I object." The State agreed to move on, and Lovett requested a curative instruction. The circuit court judge responded by shaking her head.

That was enough to preserve a golden-rule objection. Indeed, Lovett's challenge was "sufficiently specific to apprise the trial court concerning the particular error complained of." *Cobbs v. State*, 292 Ark. 188, 191, 728 S.W.2d 957, 958 (1987). He objected to the State's comment about violence in Pulaski County because, he said, it diverted the jury's attention away from the evidence presented in this case. That easily encompasses the golden-rule argument that he makes on appeal. *See King v. State*, 317 Ark. 293, 297, 877 S.W.2d 583, 586 (1994) ("The golden rule argument is impermissible because it . . . attempt[s] to dissuade the jurors from their duty to weigh the evidence and instead to view the case from the standpoint of a litigant or party.").

Granted, Lovett didn't use the phrase "golden rule." And in a perfect world—away from the pressures of a fast-moving trial—he could have said more or given a more detailed objection. But that's not the standard. On the contrary, "preservation is a doctrine rooted in practicality, not technicality," *State v. Skotland*, 549 P.3d 534, 538 (Or. 2024), and "preservation rules should not be applied in a technical manner as if this is some sort of game of 'gotcha' elevating form over substance." *State v. Morales*, 889 S.E.2d 551, 556 (S.C. 2023). So what really matters here isn't whether Lovett used the phrase golden rule but whether the context fairly suggests he was attempting to raise a golden-rule objection. *See State v. Rainer*, 2014 Ark. 306, at 10 n.2, 440 S.W.3d 315, 321 n.2 (holding that an evidentiary objection was preserved even though it did not cite a specific rule, because the nature of the objection was "apparent from context"). And while Lovett's claim is ultimately meritless, that doesn't mean his arguments are difficult to understand. Contrary to hints in the majority's analysis, bad objections can still be preserved.

Even worse is the majority's conclusion that Lovett failed to obtain a ruling on his objection. The record confirms that the circuit court judge shook her head in direct response to Lovett's request for a curative instruction. That's sufficient; there's no requirement that a circuit court verbalize its ruling. *Cf.* Ark. R. Evid. 801 ("A 'statement' . . . [includes] [n]onverbal conduct of a person, if it is intended by him as an assertion."). And the majority is wrong to penalize Lovett for the circuit court judge's decision to convey her ruling with a gesture instead of words.

In any event, Lovett's golden-rule argument fails on the merits. Reading the State's argument in context, it wasn't a request that the jury look beyond the evidence, put itself

7

in the victim's shoes, and render a verdict based on emotion. Instead, it was an argument that the jury shouldn't treat Lovett differently just because he was a "poor kid that had been abused and grew up in a bad neighborhood." So rather than asking the jury to empathize with the victim, as in a golden-rule argument, the State asked them to look past the defendant's upbringing and focus on the evidence. That isn't a golden-rule violation, and I'd reject the claim on that basis.

I agree that our preservation rules have their place. When applied appropriately, they promote judicial efficiency, ensure a clear appellate record, and allow the circuit court to rectify mistakes in the first instance. But I disagree with the majority's magic-words approach to preservation. I'd instead apply a commonsense approach, focused on an objection's substance. Doing that, I find Lovett's golden-rule argument properly preserved and reject it on the merits.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.