**VANDIVER FOOD STORES, INC., Plaintiff,**

v.

**INSURANCE COMPANY OF NORTH AMERICA and Risk Planners of Mississippi, Inc., Defendants.**

**No. H–C–94–70.**

United States District Court, E.D. Arkansas, Eastern Division (Helena).

Nov. 8, 1995.

Philip E. Kaplan, Kaplan, Brewer & Maxey, P.A., Little Rock, AR, Harold Sharpe, Sharpe, Beavers & McGill, Forrest City, AR, for Vandiver Food Stores, Inc.

James M. Simpson, Jr., Friday, Eldredge & Clark, Little Rock, AR, Mike Huckabay, Huckabay, Munson, Rowlett & Tilley, P.A., Little Rock, AR, for Insurance Co. of North America.

Dan F. Bufford, Laser, Wilson, Bufford & Watts, P.A., Little Rock, AR, Elton A. Rieves, IV, Elton Rieves, III, Rieves & Mayton, West Memphis, AR, for Ward, Planners of Mississippi, and Supervalu Holdings, Inc.

### *ORDER*

EISELE, District Judge.

Before the Court is Defendant Risk Planners of Mississippi, Incorporated's ("Risk Planners") motion for summary judgment.

Risk Planners contends that the plaintiff's ("Vandiver") negligence claim is an attempt to state a cause of action for negligent infliction of emotional distress and that because plaintiff is a corporation it can not maintain such a cause of action under Arkansas law. Risk Planners also argues that the plaintiff's claim for breach of contract[1] is untenable because Risk Planners was not a party to the contract in question.

Before addressing the substantive argument in Risk Planners' motion for summary judgement, the Court must determine what law to apply to these disputes.[2] The defendants removed this case to federal court because there is diversity of citizenship and the amount in controversy exceeds $50,000. The Court must therefore apply the choice of law rules of Arkansas, the state in which the Court sits. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Whirlpool Corp. v. Ritter,* 929 F.2d 1318, 1320 (8th Cir.1991). The first step in any choice of law analysis is to characterize the issues involved. The Complaint alleges negligence and breach of contract.

■ Arkansas does not have a single criteria for determining choice of law in contract cases. *Tiffany Industries v. Commercial Grain Bin Co.,* 714 F.2d 799, 801 (8th Cir. 1983). Arkansas does recognize the three traditional alternatives: the law of the state in which the contract was made; the law of the state where the contract is performed;[3] and the law of the state which the parties intend to govern the contract. *Cooper v. Cherokee Village Development Co.,* 236 Ark. 37, 364 S.W.2d 158, 161 (1963). Arkansas courts have also applied the "significant contacts" or "center of gravity" test which examines the nature and quantity of each state's

contacts with the transaction at issue. *Whirlpool Corp.,* 929 F.2d at 1321.

■ The insurance policy does not contain a stipulation as to governing law. However, the insured was a resident of Arkansas at the time the policy was issued and at the time of the fire loss and Arkansas was the location of the insured risk and was the place of performance of the contract. Therefore, Arkansas was the place "which the parties understood was to be the principal location of the insured risk during the term of the policy ..." *See* Restatement (Second) Conflict of Laws, § 193 (1971) (providing that the validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was the location of the insured risk). Therefore, Arkansas has significant contacts to the case and Arkansas law will be applied.[4]

■ Under Arkansas law, the law to be applied to the tort issue is the law of the place where the harm occurs or loss is sustained as result of the wrongful conduct. *Dobbins v. Martin Buick Co.,* 216 Ark. 861, 227 S.W.2d 620, 622 (1950). Here, the alleged harm occurred in Arkansas and the loss occurred in Arkansas. Therefore, in this case, Arkansas law applies to any causes of action lying in tort.

## I. *FACTUAL BACKGROUND*

This action was originally brought in state court and then removed to this Court. Prior to removal of the case, defendant Jerry Ward moved for dismissal.[5] The Circuit Court ordered that the complaint should be dismissed

---

1. Vandiver does not address the breach of contract (insurance contract) issue in its Memorandum in Opposition of Motion for Summary Judgement, Docket No. 30. In fact, the Complaint does not set forth a breach of contract claim against Risk Planners as to the insurance contract although the relief sought pursuant to the breach of contract claim against ICNA clearly includes Risk Planners as a party against whom judgment is sought. Complaint, ¶ 9.2.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. The place of contract performance is an important consideration in determining choice of law

in Arkansas contract cases. *See In re Wakefield,* 460 F.Supp. 1224, 1226 (E.D.Ark.1978), *aff'd sum nom, Hawkins Equipment Co. v. Goldstein,* 603 F.2d 222 (8th Cir.1979).

4. The Court notes that the parties have not suggested that the law of any state other than Arkansas be applied to this action. Therefore, the choice of law analysis is for purposes of clarity of record.

5. There were four original defendants: Insurance Company of North America, Jerry Ward, Risk Planners of Mississippi, and Supervalu Holdings.

as to defendant Jerry Ward.[6] Supervalu Holdings [7] moved for summary judgement on March 27, 1995.[8] On June 7, 1995, the Court granted Supervalu Holdings' motion for summary judgment.[9] On July 25, 1995, Risk Planners filed its motion for summary judgment.[10]

Vandiver alleges that the Insurance Company of North America ("ICNA") issued a fire insurance contract [11] to Vandiver in June of 1992. In March of 1993 the insured property, a grocery store,[12] was damaged by a fire. Vandiver claims that ICNA is liable to it, under the insurance contract, for the losses incurred in the fire.[13] ICNA claims that it is not liable for the loss.[14] Vandiver claims that ICNA's "failure to state in detail any legitimate reason for denial is in violation of both the implied and express provisions of the contractual agreement and was done by [ICNA] in bad faith merely to delay payment of the proceeds of the [insurance policy] to [Vandiver]." Complaint, ¶ 4.

Vandiver further claims that William E. and Myrtle Poland were not included in the insurance contract as first mortgagees, although they should have been and that ICNA has refused to amend the insurance contract so as to include the Polands. Complaint, ¶ 2.3.2. Vandiver is seeking damages from ICNA and Risk Planners for the alleged value of the fire loss, a 12% penalty, reasonable attorney's fees, and damages for the alleged humiliation sustained by Vandiver as a result of the Polands not being named as first mortgagees on the insurance contract.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." In *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the United States Supreme Court stated that summary judgment motions "may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 885, 110 S.Ct. at 3187. Courts must view the underlying facts in the materials presented, and draw infer-

---

6. This Order, dated August 29, 1994, was pursuant to a joint motion of Vandiver and Jerry Ward.

7. The Court notes that Risk Planners is a subsidiary of Supervalu Incorporated, not of Supervalu Holdings. Supervalu Incorporated, a Delaware corporation, owns all of the outstanding stock of Risk Planners. Supervalu Holdings, Incorporated is an Ohio corporation. *See* Affidavit of Ralph E. Sonday, Assistant Claim Manager for Supervalu Inc., Docket No. 16, Exh. A.

8. Docket No. 14.

9. By letter dated June 1, 1995, the plaintiff indicated that it had no objection to an order granting the motion.

10. Docket No. 25.

11. Policy No. RWP D2 58 4183 9.

12. Discount Foods in Forrest City. *See* Docket No. 16, Deposition of William Hill p. 9, ¶ 7. Vandiver Food Stores, Incorporated did business as Discount Foods. *Id.* at p. 10, ¶ 25 and p. 11, ¶ 1.

13. Vandiver acknowledges that ICNA did pay proceeds under the policy to the mortgagee listed as a loss payee. Counter Statement of Uncontested Facts, Docket No. 31, ¶ 8. Indeed, ICNA's responses to Interrogatories No. 9(11) lists as an exhibit the "[a]ssingment of mortgage from Mr. and Mrs. Poland to Planters Bank and Trust dated October 26, 1987, filed December 7, 1987" and lists the Settlement Agreement, Release and Assignment between ICNA and Planters Bank & Trust of October 25, 1993. This information casts doubt upon the legitimacy of any claim that the Polands could potentially bring against Vandiver for not being listed as first mortgagee.

14. ICNA affirmatively pled that the March 20, 1993 fire loss which is the subject of this action was "caused by or resulted from dishonest acts committed with the intent to cause damage or destruction to the insured property by the plaintiff ... [accordingly, the losses complained of in plaintiff's Complaint do not fall within the coverage of insurance policy No. RWP D2 58 41 839 as issued by [ICNA]." Separate Answer of Defendant Insurance Company of North America, ¶ 18.

ences from those facts, in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) *(per curiam ).* In *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court stated that at the summary judgment stage, the role of the district court is not to weigh the evidence and determine its truth, but rather to determine whether there is any genuine issue for trial.

"There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.,* 477 U.S. at 249, 106 S.Ct. at 2511. In addition, the Supreme Court has held that once a party has carried its burden under Rule 56, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). *See, Green v. St. Louis Housing Auth.,* 911 F.2d 65, 68 (8th Cir.1990). Stated another way, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence from which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *see also Davis v. Fleming Companies, Inc.,* 55 F.3d 1369, 1371 (8th Cir.1995) (finding that the nonmoving party must present evidence from which a reasonable jury could return a verdict for the nonmoving party).

## III. NEGLIGENCE

█ The parties agree that Vandiver is attempting to assert a negligence cause of action against Risk Planners for failing to list a mortgagee, the Polands, on a policy of insurance with ICNA[15] and that Vandiver asserts that Risk Planners' alleged negligence in failing ·to list the Polands caused Vandiver embarrassment and humiliation.[16] Vandiver further admits that as a corporation it cannot be embarrassed or humiliated.[17] Risk Planners argues that Vandiver's negligence claim is "merely an attempt to state a cause of action for negligent infliction of emotional distress." [18]

The Complaint provides at ¶ 2.3.2 that "at the time [ICNA] issued said Insurance Policy that was obtained by said [Vandiver] and through the efforts of ... Defendant Risk Planners [19] ... said [ICNA] did not properly list William E. And Myrtle Poland as first mortgagee insured as the Polands had been listed on the insurance policy in effect prior to the transfer, a copy of which had been furnished by [Vandiver] to said defendants." The complaint goes on "[s]uch deletion or failure to include insurance coverage to the Polands as first mortgagee has been to the detriment of [Vandiver] and such failure to include the Polands as said first mortgagee is a *direct result* of the *negligence* on the part of ... Risk Planners ... acting as independent insurance contractors with the *duty of obtaining insurance from [ICNA]* with the special request by [Vandiver] that [Vandiver] have insurance coverage equal to or greater than the insurance coverage enjoyed by

---

**15.** *See* Response to Defendant Risk Planners of Mississippi, Incorporation's Motion for Summary Judgement ("Vandiver's Response"), Docket No. 29, ¶ 1.

**16.** *Id.* at ¶ 2.

**17.** *Id.* at ¶ 3.

**18.** *Id.* at ¶ 4.

**19.** The Court notes that Risk Planners, in its Answer, stated that "the failure to name the Polands as first mortgagee on the insurance poli-

cy was not the result of negligence on the part of [Risk Planners]; that, however, when Plaintiff subsequently requested that the Polands be named as first mortgagee on the policy, it complied with plaintiff's instructions and requested of the [ICNA] that the Polands be added to the policy; that said request was denied by [ICNA]; that this defendant had no duty or authority to make the change in the policy or authority to make the change in the policy or add the Polands as first mortgagee ..." Risk Planner's Answer, ¶ 8. Risk Planner asserts that in making the request to add the Polands it could not now be negligent or a proximate cause of the failure of the Polands to be named on the policy. *Id.*

[Vandiver] prior to the issuance of said insurance policy by [ICNA]." Complaint, ¶ 2.3.2 (emphasis added). Vandiver alleges that the proximate cause of ICNA's negligence in not naming the Polands as first mortgagee in the policy resulted in the Polands "threatening [Vandiver] with legal action that resulted in embarrassment and humiliation to [Vandiver]." *Id.*

The relief sought in the complaint is a judgement against ICNA for losses incurred in the fire.[20] Accordingly, the prayer for relief requests a total of $1,074,594.67 "as described in detail in paragraph 6" which outlines the losses incurred. In addition, the Complaint seeks damages sustained by Vandiver as a result of ICNA's failure to name the Polands as first mortgagee. Complaint, ¶ 9.4.

■■■ When one contracts with another and expressly promises to use due care or to do an act, he is liable in both tort and contract when his negligence injures the other party. *See First Alabama Bank of Montgomery, N.A. v. First State Ins. Co. Inc.,* 899 F.2d 1045, 1067 *rehearing denied* 909 F.2d 1493 (11th Cir.1990). Vandiver's injury, as alleged, is embarrassment and humiliation. Embarrassment and humiliation are forms of emotional distress. *Polk v. Yellow Freight System, Inc.,* 801 F.2d 190, 196 (6th Cir. 1986). A cause of action for negligent infliction of emotional distress does not lie in the absence of an accompanying injury. *Wood v. National Computer Systems, Inc.,* 814 F.2d 544, 545–6 (8th Cir.1987). However, if a wrong was willful and wanton and committed with the intention of causing mental distress a physical injury is not required. *Midwest Buslines, Inc. v. Johnson,* 291 Ark. 304, 724

S.W.2d 453, 454 (1987). Because this action arises out of alleged negligence, there can be no recovery for mental suffering unless there is a physical injury or some other recoverable elements of damage. *M.B.M. Company, Inc. v. Counce,* 268 Ark. 269, 596 S.W.2d 681, 684 (1980). The burden of proving factual—not speculative—damages rests on Vandiver. *Minerva Enterprises Inc. v. Howlett,* 308 Ark. 291, 824 S.W.2d 377, 381 (1992).[21]

■■■ In short, Vandiver has failed to allege that it suffered any monetary or out-of-pocket damages[22] or *any* other actionable injury.[23] Even it its response to the motion for summary judgment, Vandiver merely recast the claim as one sounding in contract but it did not identify any injury. Therefore, it is clear that Vandiver has not alleged facts sufficient to sustain a finding of negligence on the part of Risk Planners. Thus, the inquiry becomes whether or not Vandiver has alleged facts sufficient to support a claim of breach on contract as to Risk Planners.

Vandiver indicates that prior to the purchase of the insurance policy in issue, a copy of the prior insurance policy was provided to Risk Planners by providing same to Jerry Ward or some other representative contacted by Jerry Ward. Plaintiff's Answer to Interrogatories, Ans. No. 12(a). After the fire, but before the processing of the claim, Carey Vandiver notified the "Defendants"[24] that the Polands were not listed as named insured. *Id.* at Ans. No. 13(a). Representatives of ICNA sent a letter to Carey Vandiver indicating that the Polands could not be added as named insureds. *Id.* Vandiver believes that at the time the policy in question was obtained the former policy was provided to Risk Planners to serve as a baseline for

---

**20.** Complaint, Docket No. 1, ¶ 6.

**21.** Under Arkansas law, the party seeking damages has the burden of proving his claim and, if no evidence is presented to the court that would enable it to fix damages in dollars and cents, the court cannot award damages. *Milligan v. General Oil Co., Inc.,* 293 Ark. 401, 738 S.W.2d 404, 405 (1987).

**22.** "Damages" refers to a money award meant to compensate a plaintiff for losses. *Smith v. Walt Bennett Ford, Inc.,* 314 Ark. 591, 864 S.W.2d 817, 823 (1993).

**23.** Threats alone are insufficient to support an award of damages. In fact, even if it was the defendant's agent who made a threat to one of Vandiver's principals, not the threats of a third party as here, the defendant would not be liable. *Polk v. Yellow Freight System, Inc.,* 801 F.2d 190, 196 (6th Cir.1986).

**24.** Unclear from the record whether he notified Risk Planners or ICNA.

the scope of the coverage sought. *Id.* at Ans. No. 15. The baseline was to include the listing of all necessary parties. *Id.* Vandiver believes that the failure to list the Polands was a breach of the "Defendants" contractual duty to provide coverage equal to or greater than the former policy. *Id.* at Ans. No. 13. Vandiver argues that whether the claim is stated "as a contract claim or a negligence claim in the nature of an error or omission on the part of an agent, it is clear that the complaint identifies that the first mortgagee, William E. and Myrtle Poland, should have been listed as the loss payee." [25] This response does not adequately address the issue as raised by Risk Planners. Yes, the complaint identifies that the first mortgagee (the Polands) should have been listed. However, the complaint does not set forth a cause of action for breach of contract because the injury suffered as a result of this alleged omission is not actionable. Again, as with the negligence claim, Vandiver must allege an injury as the result of the alleged breach of contract. *Peter Kiewit Sons' Co. v. Summit Construction Co.*, 422 F.2d 242, 275–6 (8th Cir.1969).

The Court must view the underlying facts in the material presented, and any inferences to be drawn from those facts, in the light most favorable to Vandiver. *Diebold,* 369 U.S. at 655, 82 S.Ct. at 994. Even still, this contract claim does not survive a motion for summary judgement. There may be a genuine issue of material fact as to whether Risk Planners breached a contractual duty owed to Vandiver in failing to ensure that the

Polands were listed as first mortgagee. However, there is not a genuine issue as to any injuries proximately caused by the alleged breach of contract.[26] The nonmoving party must show that there is some genuine issue requiring trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The injury alleged arising out of the failure ICNA to list the Polands as first mortgagee is embarrassment and humiliation. This injury is inadequate to support a cause of action for breach of contract because it is not certain, it is not capable of measurement. *See Luke v. American Family Mutual Insurance Co.,* 476 F.2d 1015, 1021 (8th Cir.1973), *cert. denied* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973).[27] Moreover, this type of injury cannot be attributed to a corporation. Therefore, a jury could not reasonably find for Vandiver on a claim for breach of contract. Accordingly, Risk Planners' motion for summary judgment as to Vandiver's negligence and or breach of contract claim is GRANTED with respect to the claim regarding the alleged failure of Risk Planners to ensure that the Polands were listed as first mortgagee on the insurance contract.

## IV. CONTRACT CLAIM

■ Vandiver has also claimed that it has a cause of action against Risk Planners for breach of contract pursuant to Arkansas Code Annotated § 23–79–208.[28] Risk Planners argues that it is not a party to the contract and that it was not involved in the decision to deny Vandiver's insurance claim

25. Memorandum in Support of Opposition to Defendant Risk Planner's Motion for Summary Judgement, Docket No. 30, p. 1, (citing ¶ 2.3.2 of the Complaint) ("Vandiver's Memorandum of Opposition").

26. It is also apparent that neither Vandiver, nor the Polands, would be injured if ICNA accepted the proof of loss and paid Vandiver's claim. This will also be true if Vandiver prevails in this lawsuit against ICNA. If Vandiver loses the lawsuit because ICNA prevails upon its arson defense, then the Polands might well have a claim against Vandiver for destroying their security. So far as the record discloses, the Polands have not to date asserted any claim against any of the parties to this lawsuit.

27. *See also Carroll–Boone Water Dist. v. M & P Equipment, Co.,* 280 Ark. 560, 661 S.W.2d 345

(1983). In *Carroll–Boone* the court found that in a breach of contract and negligence action, the court below properly refused to send to the jury Carroll–Boone's claim against M & P for an unliquidated sum of money as the result of the claim of a third party against Carroll–Boone for damages resulting from a delay in completing the contract. The court found that Carroll–Boone had not paid the other claim and the third party was not a party to the suit. Here, Vandiver complains of threats of suit by the Polands and from being "humiliated" by such threats. As with *Carroll–Boone,* this is insufficient to create a jury question.

28. Section 23–79–208 provides for damages and attorney's fees on loss claims.

for losses suffered due to the fire. Therefore, Risk Planners asserts that it cannot be liable to Vandiver for a breach of contract. Vandiver admits that Risk Planners is not a party to the insurance contract [29] but that Risk Planners acted as its agent "in seeking to place insurance, and [Risk Planners] is therefore liable to [Vandiver]." Vandiver's Response, ¶ 6.

■■■ Arkansas recognizes the general rule that where an agent names its principal and does not exceed his authority when contracting on the principal's behalf, the agent is not personally liable upon the contract unless the agent agrees to be. *McCullough v. Johnson*, 307 Ark. 9, 816 S.W.2d 886, 887 (1991).[30] Insurance agents are not treated any differently with respect to this rule, and an insurance agent who acts within the scope of his authority and for a disclosed principal is not personally liable on the insurance contract. *Schneider v. O'Neal*, 145 F.Supp. 120, 126 (E.D.Ark.1956), *affirmed* 243 F.2d 914 (8th Cir.1957).

The Complaint alleges that Jerry Ward, was a "servant, agent and employee, acting within the scope of his employment of [Risk Planners] and [Supervalu]," Complaint, ¶ 1.5, that Carey Vandiver notified Jerry Ward "as a representative of ... [Risk Planners]," Complaint, ¶ 2.2, of the fire and that Jerry Ward was a "duly authorized representative of [Risk Planners] and [Supervalu], all three of whom were *duly authorized agents of*

[ICNA]." Complaint, ¶ 2.3 (emphasis added).

Risk Planners admits that it was involved in obtaining insurance coverage for Vandiver with ICNA.[31] William Hill, who was charged with obtaining the insurance coverage for Vandiver, understood Seth Rogers to be representing Risk Planners.[32] In fact, Risk Planners is listed as agent to the CIGNA Property and Casualty Company[33] in the Sworn Statement of Proof of Loss submitted by Vandiver with respect fire loss under policy number RWP D2 58 4183 9. *See* Complaint, Exh. B.[34]

The allegations of Vandiver's Complaint[35] place its claim squarely within the rule that an agent for a disclosed principal cannot be liable for a breach of contract by its disclosed principal to which it is not a party. *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 808 (2nd Cir.1971) (finding an agent, acting within the scope of its authority, is not liable *ex contractu* for the breach of the contract between its disclosed principal and a third party, even when the breach was the result of its own wrongful act).[36]

The Court is, of course, cognizant that the above stated rule has no application in the case of an independent tort committed by an agent. Here, however, the allegations of Vandiver's Complaint relate solely to an alleged breach of the fire insurance policy issued by ICNA and the alleged bad faith refusal to pay benefits under that policy.

**29.** Vandiver's Response to Motion for Summary Judgment, ¶ 6.

**30.** *See also Brown v. Maryland Casualty Co.*, 246 Ark. 1074, 442 S.W.2d 187 (1969).

**31.** Statement of Uncontested Facts, Docket No. 27, ¶ 8.

**32.** Deposition of William Hill, p. 69, ¶ 3–6.

**33.** Two CIGNA companies and ICNA are three of the five "authorized representatives" listed in the insurance contract. Notably, CIGNA Property and Casualty Company is not listed, only CIGNA Insurance Company and CIGNA Fire Underwriters Insurance Company. *See* Insurance Policy, p. 14 (attached to Plaintiff's Answer to Interrogatories).

**34.** In addition, Vandiver alleges that Jerry Ward was employed by Lewis Grocer, a division of Supervalu, and that Jerry Ward assisted in ob-

taining the insurance policy. Plaintiff's Answer to Interrogatories, Ans. No. 10(a). After the fire, representatives of Risk Planners appeared on the scene to investigate of behalf of ICNA. *Id.* at Ans. No. 11(a).

**35.** The complaint further alleges that ICNA will not pay the proceeds of the insurance policy to Vandiver and that such a failure is in violation of the "contractual agreement" between Vandiver and ICNA. Complaint, ¶ 4. Lastly, *in its relief sought* Vandiver points to that amount set forth in its Proof of Loss as submitted to ICNA. Complaint, ¶ 6.

**36.** *See also Boren v. N.L. Industries, Inc.*, 889 F.2d 1463, 1464 (5th Cir.1989); *Alcom Electronic Exchange, Inc. v. Burgess*, 849 F.2d 964, 969 (5th Cir.1988).

The complaint reveals no allegation of a separate and independent tort by Risk Planners.

These answers provided by Vandiver, together with the Complaint indicate that Risk Planners was a disclosed agent of ICNA and that Risk Planners was not a party to the insurance contract. For the reasons stated above, Risk Planners' motion for summary judgment with respect to damages as a result of a breach of the insurance contract is GRANTED.

IT IS THEREFORE ORDERED that Risk Planners' Motion for Summary Judgement[37] be, and it is hereby, GRANTED. Risk Planners is dismissed as a defendant in this action.

IT IS SO ORDERED.